| 92 | 209 |
|----|-----|
| 97 | 238 |

| 92 | 209 |
|----|-----|
| 99 | 514 |

| 92 | 209 |
|----|-----|
| 119 | 565 |

| 92 | 209 |
|----|-----|
| 139 | 397 |

| 92 | 209' |
|----|-----|
| e143 | 368 |
| 143 | 422 |

# Montgomery & Eufaula Railway Co. *v.* Mallette.

*Action by Passenger against Railway Company, for Damages on account of Personal Injuries.*

1. *Testimony of physician, or surgeon, as expert.*—In an action against a railroad company, to recover damages for personal injuries sustained while travelling as a passenger, which caused a permanent stiffening of one of plaintiff's arms, a physician and surgeon who has testified, as an expert, that the injury might probably be cured by a painful and somewhat dangerous surgical operation, he can not be asked whether, if it was his arm, he would submit to such operation.

2. *To what witness may testify; opinion, or conclusion.*—Plaintiff's evidence tending to show that his injuries were caused by the overturning of the railroad car in which he was riding, a witness who has testified that, after the car turned over, he went to it to assist passengers in getting out, found no one in it but one lady, and that a man could not have got out without assistance, can not further state, "I think they were all out of the car before it turned over;" this being the mere statement of his opinion, or conclusion from the facts.

3. *Care and diligence required of railroads.*—The law requires of persons engaged in the carriage of passengers by railroad the highest degree of care, diligence and skill known to careful, diligent and skillful persons engaged in that business.

4. *Burden of proof; presumption of negligence from injury.*—When a passenger is injured by the derailment or breaking down of the car in which he is riding, or by a collision, or like accident, which would not ordinarily occur but for some negligence on the part of the carrier, proof of the fact of injury raises a *prima facie* presumption of negligence, and authorizes a recovery of damages, unless the evidence in rebuttal reasonably satisfies the jury that the accident was not due to any negligence, and could not have been prevented by the highest degree of care, skill and diligence on the part of the carrier; and if the evidence on the question of negligence, aside from the presumption, is equally balanced, the plaintiff is entitled to a verdict.

5. *Injury aggravating former injuries.*—If the injury of which plaintiff complains did not, of itself, cause a permanent stiffness of his arm, but aggravated a former injury which he had received, increasing

[Montgomery & Eufaula Railway Co. v. Mallette.]

his pain and suffering, and necessitating surgical attention, these are elements of damages for which he is entitled to recover.

6. *Pecuniary loss as element of damages.*—When the evidence shows that the plaintiff was employed at a stated compensation at the time he was injured, and was disabled to discharge the duties of his employment, at least temporarily, he can not recover for loss of time, unless it is also shown that his compensation was in fact stopped or diminished during his disability.

7. *Mental suffering and physical pain,* as elements of damages, can not be dissociated, and the law furnishes no standard by which to measure and compensate either in money. The amount of compensation to be allowed is a question for the jury, whose discretion is limited by the amount claimed in the complaint, and subject to the power of the court to grant a new trial if the verdict is excessive.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellee, C. P. Mallette, against the appellant railroad corporation ; and sought to recover damages for injuries alleged to have been sustained and suffered by the plaintiff on account of the negligence of the defendant's servants and employès. The complaint contained three counts. Each of them claimed damages for injuries sustained by the plaintiff, while a passenger upon the railroad of defendant, and resulting from the negligence of the defendant, its servants or employès. The defendant pleaded the general issue ; and a judgment was rendered for the plaintiff, assessing his damages at $4,000.

The following facts were undisputed, as gathered from the bill of exceptions: · That the plaintiff purchased a ticket at Albany, Georgia, took the train running from that point to Montgomery over the Central Railroad of Georgia to Eufaula, and from thence over defendant's road to Montgomery, plaintiff's destination ; that while he was on defendant's train, and while the train was in the act of backing to the depot in Eufaula, the car in which plaintiff was riding turned over, and the plaintiff was injured ; that the direct cause of the accident was, that while train was backing as described, the sleeper, which was in the rear of the train, at a switch way, which it had to pass in order to get to the depot, ran off the track, and threw the car, in which plaintiff was riding, off the track, and it turned over; that plaintiff had been injured by an accident at a saw mill some time before, and that the wound, he had there received, had not healed up when this accident on defendant's road occurred, and the injury sustained by this last accident was, that the former injury or wound was reopened by the last accident, and this caused permanent stiffness of the arm ; that plaintiff did not have medical attention for his wound until he reached home that night, the accident having occurred

about day-break that morning; that at the suggestion of the
railroad company, he called upon a certain doctor in Eufaula
in the morning, but that doctor was busy, and could not attend
to him; but that the railroad company, through its agents, while
the train was on the way from Eufaula to Montgomery, offered
to procure medical aid for him, but he declined to receive it, and
went on home, on the Montgomery and Mobile Road, some
miles below Montgomery, before he received any medical aid
at all. There was testimony introduced by the defendant
tending to show that the switch and all of the fixtures there-
abouts were in good order; that the cars were all right, and
that there was no known cause for the accident. The proof
showed that the train was backing very slowly at the time the
accident occurred. Bradford Dunham, an experienced rail-
road man, who was examined as a witness in behalf of the de-
fendant, testified that, in his opinion, such an accident, as the
testimony showed this one was, must have been occasioned
either by the fact that the guard-rail was too wide, which
showed that it was not in position, or by the fact that the car
was binding on the truck so stiffly that it could not adjust it-
self. He also testified that, if the car was binding on the truck
so as to cause such an accident as that, such an inspection as
is ordinarily given to the cars would determine whether the
particular car was down, if the examination was made by a
competent person.

During the examination of the witness Dr. Gaston, who was
examined as an expert, and after he had testified that the
stiffness of the arm might be removed by a very painful and
somewhat dangerous operation, defendant's counsel asked him,
"If it was his arm, if he would have the operation performed?"
Upon the objection of the plaintiff, the court refused to allow
the question, and the defendant excepted. On the examina-
tion of one Robertson as a witness, he said that he went to the
door of the coach in which Mallette was riding, after the car
had turned over, to see if there were any passengers therein,
and in a part of his testimony used these words: "I think
they were all out before the car turned over." The plaintiff
objected to the part of the testimony of said Robertson just
quoted; the court sustained the objection thereto, and the
defendant duly excepted.

In his general charge to the jury, which was in writing, the
court, among other things, charged them as follows: (1.) "If
you are reasonably satisfied from the evidence, that the plain-
tiff in some point in Georgia received and paid for a ticket as a
passenger on the defendant's railroad to Montgomery, and was
such passenger on defendant's train, and while on the route to

[Montgomery & Eufaula Railway Co. v. Mallette.]

Montgomery, the train of cars, or some of the cars thereof, ran off the track, and plaintiff was injured thereby, then the plaintiff makes out a *prima facie* case for recovery, and he is entitled to recover, unless the defendant reasonably overcomes this *prima facie* right of recovery by the evidence in the case." (2.) "In order to avoid the liability growing out of a *prima facie* case made out by plaintiff, the defendant must reasonably satisfy the jury that it exercised that degree of care which the law requires of it in order to avoid and prevent the happening of accidents." (3.) "The law requires the highest degree of care and diligence and skill by those engaged in the carriage of passengers by railroads, known to careful, diligent and skillful persons engaged in such business." (4.) "If you find from the evidence that plaintiff, under the rule given, has made out a *prima facie* case, then defendant, in order to avoid liability, must reasonably satisfy the jury that it used that degree of care, diligence and skill." (5.) "If the cause of the accident was the improper placement of the frog, or the guard-rail of the frog was improperly placed, or the body of the car had so come down and bore so heavily on the trucks as to prevent their acting or turning so as to keep the trucks, as they should have done, from remaining on the track, and further believe that by the exercise of the degree of care, diligence and skill above given, that state or condition could have been discovered, then the defendant would be guilty of negligence, if the injury resulted from that cause." (6.) "If under the instructions you find a verdict for the plaintiff, then the question as to the amount of your finding arises. If the plaintiff was necessarily required to have the services of a physician to attend him on account of an injury caused by defendant, then he is entitled to recover a reasonable sum for the necessary services of a physician, if one attended him. In considering the question of other damages, you can, in connection with all the evidence, take into consideration the pain and suffering caused plaintiff by the injury to him, and also the time lost from his employment, and the permanent inconvenience resulting to plaintiff by the injury, if any such resulted, depreciating the value of his services, or affecting his efficiency to earn a livelihood." The defendant also excepted to that part of the general charge which authorized the jury to award plaintiff damages "for the time lost from his employment, on the ground that there was no evidence that he suffered any pecuniary damage by loss of time" from his employment. (7.) "As to a wound having been inflicted at the saw-mill, or from the railroad, the rule is this: If the injury at the mill would itself, in the ordinary course of things, have resulted in the permanent stiffening of the arm, then the

[Montgomery & Eufaula Railway Co. v. Mallette.]

fact that the arm was injured in the railroad accident would be immaterial, so far as the stiffening is concerned. But, if the wound or injury by the railroad was such as to aggravate the wound received at the mill, and the result of such aggravation was to cause inflammation, which resulted in the stiffening of the arm, the result is the same, so far as that is concerned, as if there had been no injury at the mill." (8.) "But if the wound or injury by the railroad was such as to aggravate the wound received at the mill, and the result of such aggravation was to cause inflammation, which resulted in the stiffening of the arm, then the result is the same, so far as that is concerned, as if there had been no injury at the mill." (9.) "Again, although you should find from the evidence, that the stiffening of the arm under the rule given, was caused by the injury at the mill, and not by the railroad, this would not defeat the right of plaintiff to recover any other damages, if any are proven, if the injury was the result of negligence on the part of defendant." The defendant duly excepted to each of these garbled parts of the general charge by the court, and separately excepted to each part; and also excepted to the following charge given by the court at the request of the plaintiff in writing: "That there can be no proof in dollars and cents of the value of mental and physical suffering and pain, but the damages for these, if the plaintiff is entitled to recover, is within the sound discretion of the jury, but can not exceed the amount demanded in the complaint." The defendant then requested the following written charge, and duly excepted to the court's refusal to give the same: "If the defendant, at the time the plaintiff received his alleged injury, had agents of competent skill running the train, and said agents used all of the care and diligence that would be used by a very careful and prudent man in his own affairs, then the defendant would not be liable to the plaintiff for any accident which might have happened to him while being thus transported on the road of the defendant."

There was judgment for the plaintiff, as stated above. The defendant prosecutes this appeal, and assigns the rulings of the lower court on the evidence, and upon the charges given and refused, as error.

ARRINGTON & GRAHAM, for appellant, cited *B'gham M. Rwy. Co. v. Hall,* 90 Ala. 8; *Rwy. Co. v. Hughes,* 87 Ala. 413; *L. & N. R. R. Co. v. Reese,* 85 Ala. 502; *Jonas v. Field,* 83 Ala. 445; *Jarrell v. Lillie,* 40 Ala. 271; Hutchinson on Carriers, § 799; 2 Woods Rwy. Law, pp., 1075 *et seq.*; *Kidd v. State,*

[Montgomery & Eufaula Railway Co. v. Mallette.]

83 Ala. 58; *Humes v. O'Bryan*, 74 Ala. 65; Pierce on Railroads, pp. 301, 302; *Sawyer v. R. R. Co.*, 37 Mo. 240.

TOMPKINS & TROY, and ALEX. T. LONDON, *contra*, cited *L. & N. R. R. Co. v. Jones*, 83 Ala. 376; *Eureka Springs Co. v. Sanders*, 40 Am. & Eng. R. R. Cases 698; *L. N. A. & C. R. Co. v. Snider*, 37 *Ib.* 137; *P. & R. R. R. R. Co. v. Anderson*, 6 *Ib.* 407; *L. R. & F. S. Ry. Co. v. Miles*, 8 *Ib.* 10, and note; *Smith v. St. Paul Ry. Co.*, 16 *Ib.* 314, and note; *N. Y. L. E. & W. Ry. Co. v. Seybolt*, 18 *Ib.* 162, and note; *Bedford, &c. R. R. Co. v. Rainbolt*, 21 *Ib.* 466; *Hipsley v. Kansas City &c. Ry. Co.*, 27 *Ib.* 287; *Edgerton v. N. Y. C. & H. R. R. Co.*, 39 N. Y. 227; *Stokes v. Salstonstall*, 13 Peters 181; *N. J. R. R. Co. v. Pollard*, 22 Wall. 350; 2 Wood Railroad Law, 1096; Hutchinson on Carriers, §§ 799–801; *B. & O. R. R. Co. v. Weightman's Admr*, 29 Gratt. 431; *L. & N. R. R. Co. v. Retter*, 28 Am. & Eng. R. R. Cas. 167; *Searle's Admr. v. K. & O. R. R. Co.*, 37 *Ib.* 179; *Topeka City Ry. Co. v. Higgs*, 5 Am. St. Rep. 754; *Dodge v. Boston &c. R. Co.*, 12 *Ib.* 541; *Treadwell v. Whittier*, 13 *Ib.* 174; *Central R. R. Co. v. Sanders*, 73 Ga., 513; *L. N. A. & C. R. R. Co. v. Jones*, 28 Am. & Eng. R. R. Cases, 170; *B. & O. R. R. Co. v. Leonhardt*, 27 *Ib.* 194, 197–8.

McCLELLAN, J.—It was, of course, competent to prove by experts, for the purpose of rebutting the idea that the injury to plaintiff's arm was of a permanent nature, and thus reducing the damages to be assessed by the jury, that what appeared to be a continuing disability could be entirely relieved by a surgical operation; but whether the expert witness, who testified that the operation he described would probably, but not certainly, result in a cure, but that it would be attended with some danger to life and intense pain, would himself, if similarly afflicted, submit to the operation, was a matter entirely outside of the case. The test is not a fair one. There might be very many considerations conducive to the witness' submission to the danger and suffering of the operation which would not apply to the plaintiff, and *vice versa*. The necessities and power of endurance of the one might be much greater than of the other; and the fact that the witness would, or would not, undergo the ordeal, under like circumstances, could throw no light upon the practicability and probability of a successful issue of the experiment on the plaintiff. The court properly refused to allow Dr. Gaston to answer the question whether he would submit to the operation if his arm were in the condition of the plaintiff's.

[Montgomery & Eufaula Railway Co. v. Mallette.]

It is manifest that the proposed testimony of the witness Robertson "I think they were all out of the car before it turned over," was a mere conclusion of the witness—an opinion based upon certain facts stated by him—and not a statement of his recollection in the premises.   He testified that after the accident he went to the car in which plaintiff had been riding to assist the passengers in getting out, found no one in there but a lady and that a man could not have gotten out after the accident without assistance.   Hence his conclusion and opinion —not recollection at all—that all other passengers, including the plaintiff, must have made their escape before the car overturned, because, he argues, they could not have done so afterwards.   This evidence was properly excluded.

There was no error in the charges of the court to the effect that "the law required the highest degree of care and dilligence and skill by those engaged in the carriage of passengers by railroads, known to careful, diligent and skillful persons engaged in such business."   This is the universal doctrine of the courts and text writers.—*Searles Admr. v. K. & O. R'y. Co.*, 37 Am. &. Eng. R. R. Cas., (W. Va.) 179 ; *L. & N. R. R. Co. v. Snyder, Ib.* 137 ; s. c. 117 Ind.' 435 ; 10 Am. St. Rep. 60 ; *Notes to Irelson v. So. Pac. R'w. Co.*, 44 Am. & Eng. R. R. Cas. 319 ; *L. & N. R. R. Co. v. Ritter*, 28 Am. & Eng. R. R. Cas. 167, 170 ; *N. Y. L. E. & W. R'w. Co. v. Dantetery*, 6 Amer. & Eng. R. R. Cas. (N. Y.) 139 ; *P. R. R. R. Co. v. Anderson, Ib.* 407 ; *B. S. O. & B. R. R. Co. v. Raibout*, 21 Amer. & Eng. R. R. Cas. (Ind.) 466 ; *Topeka City R'wy Co. v. Higgs*, 5 Am. St. Rep. 754 ; *Smith v. St. P. City R'w. Co.*, 36 Am. & Eng. R. R. Cas. 310 ; *Dodge v. B. & B. St. R'y Co.*, 12 Am. St. Rep. 541 ; *Treadwell v. Whittier*, 80 Cal. 575 ; s. c. 13 Am. St. Rep. 175 ; Hutchinson on Carriers, §§ 503, 799– 801 ; Thompson on Carriers of Pass'g., p. 175, *et seq.*; 2 Am. & Eng. Encyc. of Law, p. 745; 2 Wood R'w. Law, p. 1095 ; *L. & N. R. R. Co. v. Jones*, 83 Ala. 376 ; *Ga. Pac. R'w. Co. v. Love*, 91 Ala. 432 ; 8 So. Rep. 714.

The authorities present equal unanimity to the proposition that where a passenger receives injuries from the breaking down of the carrier's vehicle, from the derailment of a car, from collisions, and the like, occurrences which ordinarily would not take place but for some negligence on the part of the carrier, the *prima facie* presumption is that the injury was the result of the carrier's negligence ; and in an action therefor, the plaintiff, having shown that he was a passenger and that he was injured by the derailment, for instance, of the car in which he was being transported, he is, upon this and without more, entitled to recover the damages thereby sus-

[Montgomery & Eufaula Railway Co. v. Mallette.]

tained, unless the defendant, in rebuttal of this *prima facie* presumption, reasonably satisfies the jury that the derailment was not due to any negligence, and could not have been prevented by the exercise of the highest degree of care, skill and diligence on the part of the carrier. Authorities *supra.* Thompson on Carriers, pp. 131, *et seq.,* 2 Wood R'w Law, 1096; Am. & Eng. Encyc. of Law, pp. 768, *et seq.; B. & O. R. R. Co. v. Weightman,* 29 Gratt. (Va.) 431; *Central R. R. Co. v. Sanders,* 73 Ga. 513; *N. Y. L. E. & W. Ry. Co. v. Seybolt,* 18 Am. & Eng. R. R. Cas. 162; *Hipsley v. K. C. S. J. & C. B. R'y Co.,* 27 Am. and Eng. R. R. Cas. 287 and note; *Street Railway Co. v. Leonhardt, Ib.* 194; *E. S. R. R. Co. v. Timmons,* 40 Am. & Eng. R. R. Cas. 998, and notes; *Stokes v. Salstonstall,* 13 Peters, 181; *Railroad Company v. Pollard,* 22 Wall. 341. The cases of *Ga. Pac. R'y. Co. v. Hughes,* 87 Ala. 610, and *L. & N. R. R. Co. v. Reese,* 85 Ala. 497, to which our attention has been invited in this connection, are not in point. The parties injured, and who were plaintiffs in those actions, were not passengers of the defendant companies; and the principles we have been considering had no application in either of them.

The trial court correctly stated the law, as to what facts made out a *prima facie* case for the plaintiff, entitling him to recover, and as to the measure of proof necessary to overturn the presumption of negligence growing out of and resting upon the facts adduced in the first instance by the plaintiff. The special objection urged to the charges on this part of the case is, that they authorized a verdict for the plaintiff if the evidence, aside from the presumption, was in equipoise on the question of defendant's negligence. We understand this to be the law. Otherwise, the presumption would exert no influence in the case. If there is no evidence of defendant's negligence except the fact of derailment, or, which is the same thing in legal effect, the evidence as to negligence, aside from the derailment, is equally balanced, there is nothing to rebut the *prima facie* presumption of a want of due care, skill and diligence which that fact imports, and upon it the plaintiff would be entitled to a verdict. To rebut and overturn the presumption, the defendant must affirmatively satisfy the jury that it was not guilty of negligence, as charged by the court; and this in no sense can be said to be done where the evidence is in such equipoise on the point as not to impress the minds of the jury one way or the other.

On the tendencies of the evidence found in this record the jury might have concluded either that the stiffening of plaintiff's arm was caused by the injury received in the railway

[Montgomery & Eufaula Railway Co. v. Mallette.]

accident, or by the injury previously received at the saw mill, and that, while the last injury did not produce the stiffness, or the stiffness would have resulted from the first, yet, the old wound was re-opened and aggravated by the hurt received on the cars, and the pain and suffering increased and medical attention necessitated thereby. So finding, it was their duty to give the plaintiff damages resulting from this aggravation of the original injury; and the charge of the court in this connection was unexceptionable.—*L. N. A. & C. R'y. Co. v. Snyder*, 10 Am. St. Rep. 60, and note; *Owens v. Kansas City R'w. Co.*, 33 Am. & Eng. R. R. Cas. 524, and note; *L. & N. R. R. Co. v. Jones*, 83 Ala. 376.

There was no evidence in the case as to any pecuniary loss resulting to the plaintiff from inability to pursue his avocations in consequence of the injury complained of. It appears that he was general manager of a corporation engaged in the saw mill business, and received a salary for his services in that capacity. He was prevented by the injury from performing those services for a month or two, but it nowhere appears that his salary was not paid, or was diminished to any extent, for that period. Neither does it appear that he in any other way sustained any money loss from the loss of this time. *Non constat*, but that during this period, and notwithstanding his disability, he received fully as much as he would have done had he not been disabled at all. Yet a charge of the court, to which a special exception was reserved, assumes that he was personally damaged by this loss of time, and authorizes the jury to include in their verdict damages, not only for pain and suffering, physician's bills, permanent inconvenience and depreciation of his capacity to earn a livelihood resulting from the stiffening of his arm, but also for the time lost from his employment. This part of the charge was manifestly bad, and we are unable to see how its tendency to prejudice the defendant could have been met and cured by a qualifying instruction which appellee insists the appellant should have asked. The only possible cure would have been in its withdrawal from the jury, and this action the defendant sufficiently invoked by excepting to it. We can not see that it operated no injury to the defendant. It was an error which must work a reversal of the judgment.

Mental suffering can not be dissociated from physical pain. Where the latter is found the former is implied. The law furnishes, and in the nature of things can furnish, no standard by which to measure and compensate for either in money. The question of compensation must be submitted to the jury, who, in the exercise of a sound discretion guided by their

[Richmond & Danville Railroad Co. v. Jones.]

views of the evidence, are to return a verdict for such sum as they may deem just, not in excess of the amount sued for. The charge given for plaintiff asserts no more than this. If the discretion is abused and the verdict excessive, it may be set aside by the court.—Sutherland on Damages, p. 711; 5 Am. & Eng. Encyc. of Law, p. 54; *W. U. Tel. Co. v. Broeschi*, 15 Am. St. Rep. 843; *Phillips v. S. W. Railway Co.*, L. R. 5 C. P. Div. 78.

The charge requested by defendant was well refused. It would have required a verdict for defendant on proof of due care, diligence and skill of its trainmen, and notwithstanding others of its employès may have been guilty of negligence causing the injury.

Reversed and remanded.