# Birmingham Ry. Light & Power Co. v. Bennett.

*Action for Damages for Injury to Passenger.*

[DECIDED NOV. 28, 1905. 39 So. REP. 565.]

1. *Carriers; Passengers; Negligence of Servants; Pleadings.*—A
   complaint counting upon the wanton negligence of defend-
   ant's servants, or some of them, in starting a car suddenly,
   knowing that plaintiff was in the act of getting off, is subject
   to demurrer in not averring that all of defendant's servants
   in charge of the car knew of plaintiff's position, or that those
   who started the car, or caused it to be started, knew of it.

APPEAL from Birmingham City Court.

[Birmingham Ry. Light & Power Co. v. Bennett.]

Heard before Hon. A. A. COLEMAN.

This was an action by Mary Bennett, a passenger for damages for injury received in alighting from a car of defendant.

Demurrers were sustained to count 1 of the complaint. The averments of count 2 are sufficiently set out in the opinion. Count 3 counts on the negligence of the servant in charge or control of the car in starting said car suddenly while plaintiff was in the act of disembarking from the same. The fourth count avers that plaintiff was thrown or caused to fall from the car by reason of defendants servants or agents, or some of them, in charge and control of the running of the car upon which she was riding in the negligent manner in which they operated or handled the car. The demurrers were interposed to these counts and overruled. The evidence tended to show that while plaintiff was attempting to step from the car to the ground, the car was suddenly started and plaintiff was thrown to the ground injuring her.

TILLMAN, GRUB, BRADLEY & MORROW, for appellant. The court erred in overruling defendant's demurrer to the second count. This count charges wanton negligence against the defendant on account of the way the car was started by the agents or some of them in charge or control of the car, in that defendant's servants or agents or some of them, knew that plaintiff was about to disembark from the car, and with this knowledge suddenly started up the car with an unusual jerk. It is not alleged that all of the servants knew that plaintiff was about to disembark, nor that those who started the car knew it. For aught that appears those who started the car did not know that plaintiff was in the act of alighting. Counts 3 and 4 were vague, indefinite and uncertain. Each of these counts adopts by reference a part of the first count and demurrers were sustained to the first count, and it was not afterwards amended, it was therefore out of the case and nothing was left for adoption.—*Birmingham Ry. & Electric Co. v. Allen*, 99 Ala. 265. The court should have given the general affirmative charge as to the third and fourth counts of the complaint. Each of these counts averred that the accident happened on the

[Birmingham Ry. Light & Power Co. v. Bennett.]

South Ensley line, while. the evidence showed undisputedly that it occurred on the North Ensley line. No issue was made in any count that the conductor was negligent in that he failed to properly assist plaintiff off to prevent her from falling. The charge asserting that the conductor was guilty of no negligence of which the plaintiff could complain should have been given.

FRANK S. WHITE & SONS, for appellee.—The demurrers to the second count were properly overruled.—*K. C. M. & B. R. R. Co. v. Matthews*, 39 So. Rep. 207. The demurrers to counts 3 and 4 as to vagueness, indefiniteness etc., were properly overruled.—*Birmingham R. & E. Co. v. Allen*, 99 Ala. 359; *K. C. M. & B. R. R. Co. v. Matthews*, supra; *Mayor v. Coleman*, 58 Ala. 570; *Brewer v. Watson*, 65 Ala. 88; *Central of Go. Ry. Co. v. Joseph*, 125 Ala. 313; *Cowen v. Motley*, 125 Ala. 581; *Wilkey v. Johnson*, 137 Ala. 268; 112 Ala. 277, 379, 465. (These last cited cases holding that the demurrer is too general to be considered under the provisions of our statute.) There was no variance fatal to the recovery of the plaintiff in the allegation that the accident happened on the South Ensley line, and the proof showed that it happened on the North Ensley line, besides it was alleged that it happened at the West Highland Station, and the proof showed the accident to have occurred there, and the defendant was not prejudiced by this allegation as to the South Ensley line.—22 Ency. of Pl. and Pr. 588: 38 Ind. 96; 95 Mich. 202 and cases cited in note; 69 Ill; 492; *So. Ry. Co. v. Lollar*, 135 Ala. 375; *W. Ry. Co. of Ala. v. Sistrunk*, 85 Ala. 352. The failure to object in the trial court to the variance operates as a waiver of it. 14 Enc. Pl. and Pr. 346; 73 Ill. 273; 113 Ill. 117; 143 Ill. 368. Charge 11 requiring the jury to find that the defendant's conductor was guilty of no negligence of which plaintiff could complain was properly refused. Under the allegations of the complaint, any negligence of defendant's servants or agents could be shown.—*Postal Telegraph Co. v. Jones*, 133 Ala. 225; *Armstrong v. Mtgy. St. Ry.*, 123 Ala. 244; *L. & N. v. Jones*, 83 Ala. 376; *L. & N. v. Orr*, 121 Ala. 489; *M. & C. R. R. Co. v.*

*Martin,* 117 Ala. 367. There was no error in overruling motion for new trial.

ANDERSON, J.—The second count of the complaint charges wanton negligence against 'defendant's agents or servants, or some of them, in charge or control of 'said car; * * * that said servants or agents, or some of them, knowing that plaintiff was in the act of disembarking from said car, and knowing that to start said car suddenly while plaintiff was in the act of disembarking therefrom would likely seriously injure plaintiff, yet said servants or agents, or some of them, in charge or control of said car wantonly started the same suddenly." It was therefore insufficient, since it does not aver that all of the agents or servants knew of the plaintiff's position, or that the ones who started the car or caused it to be started knew that the plaintiff was disembarking. It might be that some of them knew that the plaintiff was about to alight from the car, yet the defendant could not be responsible under a claim of wantonness, unless the car was started or caused to be started by the agent or servant who knew the fact. Some of them may have known it, yet there is no averment that the act complained of was committed by such agent or servant, and the demurrer should have been sustained.

The only point made in brief of counsel for appellant upon the ruling of the lower court on the demurrers to the third and fourth counts relates to the grounds attempting to point out vagueness and indefiniteness. Whether they are or are not, we need not decide, as the demurrers were general, and the trial court properly overruled them.

Charges 1, 2, and 5, are the affirmative charges, and the appellant contends should have been given, because of a variance, in that the complaint avers the "South Ensley" line, and the proof showed the "North Ensley line. As this case must be reversed, we need not determine this question, as there need be no variance on the next trial.

The judgment of the city court is reversed, and the cause remanded.

[Ala. Great Southern Ry. Co. v. Guest, as Admr.]

Reversed and remanded.

HARALSON, TYSON and SIMPSON, JJ., concur.

### *Action for Damages for Death of Intestate.*