# Birmingham Railway, Light & Power Co. *v.* Harris.

*Injury to Passenger.*

(Decided Feb. 10, 1910.   51 South. 607.)

*Carriers; Passengers; Injury; Complaint.*—A complaint in an action for injury to a passenger alleging that on a certain date plaintiff was a passenger on defendant's car, and while in an effort to alight, was thrown down and injured, and that all her injuries and damages were proximately caused by the negligence of one or more of defendant's servants, acting within the line and scope of their employment, and in the control, management and operation, of such car, on which plaintiff was at the time a passenger,

[Birmingham Railway, Light & Power Co. v. Harris.]

was good against demurrer, for vagueness and indefiniteness, violation of duty and failure to show what duty was owing the plaintiff.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Ella Harris against the Birmingham Railway, Light & Power Company for damages for injuries received while a passenger. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count is as follows: "Plaintiff claims of the defendant $5,000 as damages, for that on, to wit, the 16th day of March, 1907, plaintiff was a passenger on an electric street car operated by the defendant in the city of Birmingham, Ala., for the common carriage of passengers for hire, and while in an effort to alight from said car plaintiff was thrown down and injured in her left hip and on her left arm and internally, and said injuries are permanent in their nature. Plaintiff avers that she suffered great mental and physical pain from and by reason of her said hurts and injuries, and that they are permanent in their nature; and she avers, further, that she has paid out large sums of money for medicine and medical attention to her wounds and injuries, and has lost time and money in being sick and sore therefrom and unable to work. Plaintiff avers and says that all her injuries and damages were proximately caused by the negligence of one or more of the defendant's servants or agents or employes acting within the scope and line of their employment, and in the control, management, and operation of said street car upon which plaintiff was at the time a passenger."

The demurrers were as follows: "(1) Vague, uncertain, and indefinite. (2) It does not appear with sufficient certainty what duty the defendant owed to plaintiff. (3) It does not appear wherein or how defendant violated any duty."

[Birmingham Railway, Light & Power Co. v. Harris.]

TILLMAN, BRADLEY & MORROW, for appellant.—The court erred in overruling demurrer to the 1st count.— *Mobile L. & Ry. Co. v. Bell*, 45 South. 56. The decisions which hold that negligence may be averred barely as a conclusion, also require the pleader to aver the facts from which a duty springs.

ALLEN & BELL, for appellee.—Count 1 is an exact copy of the 1st count in the complaint.—*Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 233. On the authority of that case and the authorities therein cited, this cause should be affirmed.—*K. C. M. & B. v. Flippo,* 138 Ala. 487.

McCLELLAN, J.—The only error assigned is predicated upon the action of the court in overruling the demurrer to the first count. That count is sufficient in its allegation, in general terms, of the negligence to which the injury is ascribed.—*Armstrong v. Montgomery R. Co.,* 123 Ala. 233, 26 South. 349, and authorities therein cited; *Sou. Rwy. Co. v. Crowder,* 135 Ala. 417, 33 South. 335; *K. C. M. & B. R. R. v. Flippo,* 138 Ala. 487, 35 South. 457; among many others.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.