# Birmingham Railway Light & Power Co. v. Barrett.

### Damages for Injury to Wife.

(Decided May 7, 1912. 58 South. 760.)

1. *Carriers; Passengers; Pleading.*—In an action by a husband for injuries to his wife while a passenger upon defendant's car, a complaint which states the relationship existing between the parties, the injuries received, and that they were proximately caused by defendant's negligence in the manner in which it ran and operated said street car, sufficiently charges actionable negligence.

2. *Same. Wantonness.*—A count charging wanton injury to a passenger by the sudden movement of the car, should aver that those in charge of the car who caused the sudden movement, or whose negligence is relied on for recovery, were the servant or servants of the defendant, and that they were conscious of the danger and wantonly inflicted the injury.

3. *Same; Care Required.*—A charge asserting that it was the duty of the defendant carrier to exercise the highest degree of care known to human skill and foresight in regard to the carriage of passengers, and it was liable for the slightest degree of negligence, requires a too high degree of care and was erroneous

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by R. C. Barrett against the Birmingham Railway Light & Power Company, for damages for loss of services of his wife by reason of injuries inflicted upon her by the defendant carrier while she was a passenger on one of its cars. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellant. Appellant's demurrers to the 1st count should have been sustained, for it is well settled that where a complaint avers negligence in general terms then attempts to set out the particular acts constituting the negligence such acts must of themselves amount to negligence.—*Johnson v. B. R. L. & P. Co.*, 149 Ala. 522. The acts alleged did not constitute actionable negligence.—*Mobile L. & R. R. Co., v. Bell*, 153 Ala. 94; *B. R. L. & Co:, v. Parker*, 156 Ala. 252; *B. R. L. & P. Co., v. Weathers*, 164 Ala. 28. The court erred in overruling appellant's demurrer to the 2nd count.—*B. R. L. & P. Co. v. Bennett*, 144 Ala. 372; *Same v. Jung*, 161 Ala. 473; *Same v. Glover*, 152 Ala. 498; *A. C. R. R. Co. v. Humphries*, 53 South. 1013. The charge given for the plaintiff exacts a too high degree of care.— *M. & E. R. R. Co., v. Mallette*, 92 Ala. 215; *G. & A. U. R. R. Co., v. Causler*, 97 Ala. 237; *So. Ry. Co. v. Burgess*, 143 Ala. 367; *A. C. G. & A. Ry. Co. v. Bates*, 155 Ala. 347. Counsel discuss other assignments of error not necessary to be here set out.

FRANK S. WHITE & SONS, for appellee. The 1st count was sufficient.—*B. R. L. & P. Co., v. Harris*, 165 Ala. 483; *Same v. Selhorst*, 165 Ala. 477; *Same v. Haggard*, 155 Ala. 344; *Same v. Oden*, 164 Ala. 2; *Same v. Adams*, 146 Ala. 270; *Same v. Jordan*, 54 So. 280. The 2nd count was sufficient.—*B. R. L. & P. Co. v. Lee*, 153 Ala. 70; *Same v. Wise*, 149 Ala. 492; *Lindsey's Case*, 140 Ala. 312; *Armstrong v. Montgomery Ry. Co.*, 123 Ala. 244; *M. & O. R. R. Co. v. George*, 94 Ala., and authorities supra. The charge complained of did not place the burden too high.—*Sloss-S. S. & I. Co. v. Stewart*, 55 So. 788; *B. & O. R. R. Co. v. Worthington*, 83 Am. Dec. 478; 4 Words & Phrases, 3373; Hutchison on Carriers, Sec-

[Birmingham Railway, Light & Power Co. v. Barrett.]

tions 895 and 896; *A. G. S. v. Hill,* 93 Ala. 520; *D. & R. R. Co. v. Greenwood,* 99 Ala. 414.     Counsel discuss other charges, but without citation of authority.

PELHAM, J.—An action was brought by the appellee against the appellant, a common carrier, for lost services of his wife, by reason of injuries alleged to have been sustained by her while a passenger on one of the appellant's cars.   There was a ·verdict and judgment for the plantiff, from which the defendant prosecutes this appeal.

The  first count of the complaint, after stating the relationship of the parties and how the plaintiff's wife was injured, and describing her injuries, etc., concludes in a separate paragraph, alleging negligence in general terms as follows:  "And plaintiff avers that his wife's injuries were proximately caused by the negligence of the defendant in the negligent way or manner in which it run or operated its said car."  The count stated a good cause of action and sufficient averment of negligence under the rules of pleading applicable to such cases as approved by the Supreme Court.—*Birmingham R.,L. & P. Co. v. Harris,* 165 Ala. 483, 51 South. 607; *Birmingham R., L. & P. Co. v. Selhorst,* 165 Ala. 477, 57 South. 508; *Birmingham R., L. & P. Co. v. Oden,*  164 Ala. 1, 51 South. 240; *Birmingham R., L & P. Co. v. Jordan,* 170 Ala. 530; 54 South. 280; *Central of Ga. Ry. Co. v. Carleton,* 163 Ala. 64, 51 South. 27; *Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 233, 26 South. 349.

The second count of the complaint contains confused, inconsistent, or repugnant averments in alleging the responsibility for the injuries as due to or proximately caused by the defendant's servants or agents while acting in the line and scope of "his" employment, in that "he" inflicted the injuries, etc., while engaged in the

line of "his" duties; but whether or not the demurrers sufficiently point out the defect and raise the question of this count's being subject to the vice discussed in the case of *Birmingham R., L. & P. Co. v. Bennett*, 144 Ala. 372, 39 South. 565, it is not necessary to decide, as the case must be reversed for reasons to be subsequently given, and the count can be easily amended to avoid this question arising upon another trial.

The count should be so amended as to clearly aver that the employe or employes who caused the sudden movement or jerk of the car, or the employe or employes upon whose negligence reliance is placed for a recovery, is the servant or servants, employe or employes, of the defendant who were conscious of the danger and wantonly inflicted the injury.

The first two assignments of error going to the court's ruling on the defendant's demurrers to the complaint we have disposed of. The third assignment is that the court erred in giving the following written charge at the request of the plaintiff: "It is the duty of a street car company to exercise the highest degree of care known to human skill and foresight in regard to the carriage of its passengers, and the carrier is liable for the slightest degree of negligence." The appellant insists that the charge exacts a higher degree of care of defendant than is imposed by law, and does not limit the defendant's liability for negligence to that negligence proximately contributing to the injury sustained.

A charge that the law requires the highest degree of care, diligence, and skill by those engaged in the carriage of passengers by railroads, known to careful, diligent, and skillful persons engaged in such business, was approved as "the universal doctrine of the courts and text-writers" by the Supreme Court of Alabama in the case of *Montgomery & Eufaula Ry. Co. v. Mallette*, 92

Ala. 215, 9 South. 363, and a long list of authorities was cited in support of the proposition. In a more recent case (*So. Ry Co. v. Burgess,* 143 Ala. 364, 42 South. 35.), the court approves this charge: "A common carrier of passengers owes to its passengers the duty to exercise the highest degree of care, skill, and diligence, known to very careful, skillful, and diligent persons engaged in like business." The use of the word *"very,"* as employed in this charge, was made the ground of attack, and the court carefully analyzes the import of the word in the connection in which it is used and concludes that the charge does not express the superlative degree of diligence required of carriers of passengers. It will be noticed that the very careful, skillful, and diligent persons as embraced in the charge are limited to those "engaged in like business." In the opinion of this case *(Railway Co. v. Burgess, supra)* the proposition under consideration as treated in the cases of *Montgomery & Eufaula Ry. Co. v. Mallette, supra,* and *Attalla Union Ry. Co. v. Causler,* 97 Ala. 235, 12 South. 439, is discussed, and the charge condemned in the last case for exacting "extraordinary" care, skill, and diligence with reference to the degree of care, skill, and diligence required of common carriers in carrying passengers, is held to have been properly condemned. The degree of care required to be exercised by the defendant in the charge under consideration is without limitation of any kind whatever and embraces an exaction of the superlative degree of care, skill, and foresight upon the part of the common carrier. "The highest degree of care known to human skill and foresight," without regard to the conditions or attendant circumstances, but charged by the court as a broad, sweeping statement without restriction or limitation of any kind, and not made commensurate with the duties to be per-

formed, may well be taken to include and refer to the exercise of care by men of extraordinary skill, and charge the defendant with liability for the slightest degree of negligence by employes of extraordinary skill, without even taking into consideration the nature of the duties to be performed as affecting the degree of care or skill to be exercised. This would be to require a higher degree of care than exacted by the law, and the charge, as thus construed (and it is fairly and reasonably susceptible of the construction), would be open to the vice pointed out by Stone C. J., in the opinion in the case of *Attalla Union Ry. Co. c. Causler,* 97 Ala. 235, 12 South. 439.

The appellee, in brief filed in support of the charge under consideration, quotes copiously from the decisions of the courts and text-book writers, using in some instances language that would seem as a general statement to uphold the proposition laid down in the charge as a correct rule of law; but as said by Coleman, J., in *McGee v. State,* 117 Ala. 229, 23 South. 797: "It often happens that judges in writing opinions, and authors of legal text-books in discussing or defining propositions of law, express themselves in language wholly unsuited for the purpose of instructions to juries." See, also, *Meighan v. Birmingham Terminal Co.,* 165 Ala. 591, 600, 51 South. 775; *K. C., M. & B. R. Co. v. Matthews,* 142 Ala. 298, 39 South. 207.

The charge, in our opinion, goes further, requires more, than the law exacts with reference to the care, skill, and foresight required of common carriers, and the court committed an error in giving it that must necessitate a reversal of the case.

The discussion of other assignments of error would serve no proper or beneficial purpose.

Reversed and remanded.