# Birmingham Ry. L. & P. Co. *v.* Cockrell.

## *Damage for Injury to Passenger.*

(Decided June 11, 1914. Rehearing denied June 30, 1914.
65 South. 704.)

1 *Carriers; Passengers; Care Required.*—The term, highest degree of care, is a relative one, and its use with respect to the degree of care required to be exercised in the operation of the car by a carrier of passengers, in an instruction, was not erroneous, it not being followed by the words, "known to human skill and foresight;" it not requiring a superlative degree of care or that extraordinary skill that is possible without regard to the nature of the duties to be performed, but only requiring the care and skill exacted of persons engaged in the same or similar business.

2. *Charge of Court; Misleading; Explanatory.*—Where an instruction is deemed to be misleading, the adversary party should ask a proper instruction removing the misleading tendency and failing to do so cannot put the court in error for giving a merely misleading instruction.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Alfred Cockrell against the Birmingham Railway, Light & Power Company, for damages for injury while a passenger. Judgment for plaintiff and defendant appeals. Affirmed.

[Birmingham Ry. L. & P. Co. v. Cockrell.]

TILLMAN, BRADLEY & MORROW, and E. L. ALL, for appellant. The common carrier of passengers does not owe to its passengers the duty to exercise the highest degree of care.—*Gadsden & Attalla U. Ry. v. Causler,* 97 Ala. 235; *B. R. L. & P. Co. v. Barrett,* 58 South. 760; *B. R. L. & P. Co. v. Barrett,* 60 South. 262; *Sou. Ry. Co. v. Burgess,* 143 Ala. 364; *M. & E. Ry. v. Mallette,* 92 Ala. 209; *A. G. S. Ry. Co. v. Hill,* 93 Ala. 514; *Ala. C. G. & A. Ry. Co. v. Bates,* 155 Ala. 347; *Pitcher v. Old Colony S. Ry. Co.,* 13 L. R. A. (N. S.) 491; *Omaha S. Ry. Co. v. Borsen,* 4 L. R. A. (N. S.) 122; Hutchison on Carriers, vol 2, sec. 893-7; Street Ry. pages 199, 207, 398 and 699; *Sou. Ry. v. Cunningham,* 152 Ala. 147. The giving of an improper oral charge is not cured by written instructions.—*Snyder v. State,* 145 Ala. 36; *B. R. L. & P. Co. v. Seaborn,* 168 Ala. 662.

GOODWYN & ROSS, for appellee. There was no error in the court's charge excepted to.—*B. R. L. & P. Co. v. Barrett,* 60 South. 262; *A. G. S. R. R. Co. v. Hill,* 93 Ala. 514 (9 South. 722); *M. & E. R. R. Co. v. Mallette,* 92 Ala. 209 (9 South. 363); *Gadsden & A. U. Ry. Co. v. Causler,* 97 Ala. 235 (12 South. 439); *Heucke v. Milwaukee City Ry. Co.,* 34 N. W. 243 (69 Wis. 401); Words & Phrases, vol. 4, page 3291."

PELHAM, J.—It is true that the court is shown to have made use of the expression "the highest degree of care," in the excerpt from the oral charge of which the appellant complains, as being the degree of care exacted of the defendant as a common carrier of passengers in the performance of its contract of service in transporting the appellee as a passenger for hire; but this expression ("higest degree of care") is a relative term (*B. R., L. & P. Co. v. Barrett,* 179 Ala. 250, 60 South.

262), and its use in this connection has been held to be proper in a charge that goes no further and requires no more than in general language to exact "the highest degree of care and diligence."—*Gadsden & A. N. Ry. Co. v. Causler,* 97 Ala. 235, 12 South. 439.

The expression excepted to as used in the oral charge does not, as there used, as we read it, carry with it a meaning requiring the exercise of a superlative degree of care, or that extraordinary skill that is possible to be known to human skill, without consideration being given to the nature of the duties to be performed, as would have been the case had the expression been amplified and gone farther by requiring the highest degree of care "known to human skill and foresight."—*B. R. L. & P. Co. v. Barrett,* 4 Ala. App. 347, 58 South. 760. The expression was used in connection with the degree of care required to be exercised "in the operation of its [defendant's] car in and about carrying this plaintiff," and is to be construed in connection with the evidence to which it had reference (i. e. to the care and skill exacted of persons engaged in the business they were shown to have been engaged in at the time of the alleged negligence), and there was no attempt made to define the term or extend its meaning to include or refer to another class or different condition so as to exclude such a meaning being fairly accorded the use of the expression. But even if use of this expression by the court could be said to have had a misleading tendency, and could have been taken as having reference to the highest degree of care known to or exacted of any other than prudent and skillful persons engaged in that or like business, then the defendant should have asked a proper instruction removing the misleading tendency of the use of this relative term correctly used in that connection as stating the rule related to the subject,

[Central of Ga. Ry. Co. v. Courson.]

and not amplified, defined, or broadened to extend its meaning, or to refer to or include anything in addition to the import naturally to be attributed to its use in such connection. It seems to us that the most that could be successfully urged against the court's use of this language in the oral charge would be to say that it might have a misleading tendency if not considered and construed in the connection in which it was used, and the trial court will not be put in error for giving instructions merely misleading, although a part of the oral charge, since the misleading tendencies thereof could have been corrected by requesting a proper instruction.—*Rutledge v. Rowland*, 161 Ala. 114, 49 South. 461.

The question discussed is the only matter assigned as error.

Affirmed.

