# Louisville & Nashville R. R. Co. *v.* Myers.

### Injury to Passenger.

(Decided November 4, 1915.　70 South. 186.)

1. **Carriers; Passengers; Duty to Call.**—As a general proposition it is not the duty of a common carrier to notify a passenger of the arrival of trains at a station other than the station at which the passenger is to alight.

2. **Same.**—Where the stations on defendant's railroad line were not called loud enough for a passenger to understand their names, and the porter told her, when the train stopped at a station next before her destination, that it was her destination, and helped her off with her baggage, it being dark, defendant was liable.

3. **Same; Destination; Duty.**—Where the action was by a passenger against a railroad for negligently causing her to alight at the wrong station, a charge asserting that it is the duty of a common carrier of passengers to use the highest degree of care in carrying passengers to their destination, did not require a higher degree of care than the law required, and was not erroneous.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Amelia Myers against the Louisville & Nashville Railroad Company, for damages for setting her down at the wrong-station. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, BRADLEY & MORROW, and E. L. ALL, for appellant. GOODWYN & ROSS, for appellee.

THOMAS, J.— (1, 2) Action by appellee, as plaintiff below, against appellant, as a common carrier, for putting plaintiff (a woman) off the train at the wrong station. The .complaint alleged in effect, and the evidence for plaintiff tended to show, that plaintiff purchased a ticket and boarded defendant's train at Birmingham for Roebuck, Ala.; that her ticket was taken by the conductor, whom plaintiff told at the time that she wanted to get off at Roebuck, the point named in her ticket; that when the train reached Coalmont, which was the last station before reaching Roebuck, and about a mile and a half therefrom, the name of the station (Coalmont) was not called, or, if called,

called too low to be ordinarily heard, but that the porter, when
the train stopped, came back to the car in which plaintiff was sit-
ting, and, taking up her baggage, told her that this was the
station at which she was to get off, and assisted her off; that
plaintiff, thinking the station was Roebuck (her destination),
willingly got off, and did not discover (it being dark) that the
station was Coalmont until the train was gone.

The court, in its oral charge, among other things, after in-
structing the jury to the effect that it was the plaintiff's duty to
use ordinary care in ascertaining when she reached her station,
and that if the station at which she alighted (Coalmont) was
called in a reasonably audible manner, so that a person of ordi-
nary hearing could have heard the call of that station, plaintiff
should have heard it, and should not have gotten off there, added
the following, to which defendant reserved an exception, to-wit:
"But, on the other hand, if the station was not called, and if all
the other averments of this complaint are true as alleged, and
you are reasonably satisfied from the evidence that they are,
then the plaintiff would be entitled to recover in this case."

The criticism in appellant's brief of this portion of the
charge is predicated upon the contention that it is not the duty
of a common carrier of passengers to notify passengers of the
arrival of trains at stations other than the station at which the
passenger is to alight. This is true as a general rule (Hutchin-
son on Carriers [3d Ed.] § 1121); but circumstances alter cases,
and if, as plaintiff testified, the defendant's·porter came back
under the circumstances we have before detailed and told plain-
tiff that this was her station, then she had a right, in the absence
of an announcement that the station was Coalmont, to assume
that the station was Roebuck, the destination named in her
ticket that had been previously taken up, and the place at which
she had previously told the conductor she wished to alight.

(3) The court also charged the jury orally as follows:

"It is the duty of common carriers to carry passengers to
their destination," etc.

But upon exception being taken by the defendant to this
portion of the charge, the court withdrew it by further charging
the jury as follows, to which exception was also reserved, to-wit:

"In my charge I stated that it was the duty of the common
carrier of passengers to carry passengers to their destination.
Now, I will change that, and say it is the duty of a common

[Birmingham Candy Co. v. Shepherd.]

carrier of passengers to use the highest degree of care in carry-ing passengers to their destination."

The objection urged against the charge as changed or cor-rected is that it exacts a higher degree of care than the law requires of the defendant as a common carrier, and was not only misleading, but positively erroneous. We have had this identical question under consideration before, and reached the conclusion that the words "highest degree of care," as used by the court, in the connection as used, were at most merely misleading and that if defendant feared that the jury might construe them as meaning the highest degree of care "known to human skill and foresight," instead of, as they would reasonably be· expected to do, as meaning the highest degree of care "known to careful, skillful, and diligent persons engaged in like business, consistent with the practical operation of the business," then defendant should have asked an explanatory charge.—*Birmingham Ry., L. & P. Co. v. Cockrell,* 10 Ala. App. 578, 65 South. 704. See, also, *Birmingham Ry., L. & P. Co. v. Barrett,* 179 Ala. 274, 60 Soutn. 262; *Birmingham Ry., L. & P. Co. v. Barrett,* 4 Ala. App. 347, 58 South. 760; *A. G. S. R. R. Co. v. Hill,* 93 Ala. 514, 9 South. 722, 30 Am. St. Rep. 65; *C. & E. R. R. Co. v. Mallette,* 92 Ala. 209, 9 South. 363; *G. & A. U. Ry. Co. v. Causler,* 97 Ala. 235, 12 South. 439.

This disposes of the only errors assigned.

Affirmed.