# Louisville & Nashville Railroad Co. *v.* Jones.

*Action for Damages by Administrator, on account of Personal Injuries causing Death of Intestate.*

1. *Sufficiency of complaint in averments of negligence.*—It is a general rule of pleading, that in stating or averring matters which are, in their nature, more within the knowledge of the defendant than of the plaintiff, less particularity is required than in other cases; and applying this rule here, where the plaintiff seeks to recover damages from a railroad

[Louisville & Nashville R. R. Co. v. Jones.]

company for personal injuries which caused the death of his intestate, a count which avers that the defendant " so negligently and unskillfully conducted itself in conducting, managing and directing the coach in which said intestate was a passenger, and the engine whereby said train was drawn upon and along said railway, that said coach was thrown and cast with great violence from and off the rails of said railway," &c., is held sufficiently certain and definite to support a recovery, without regard to the cause of the derailment.

2. *Burden of proof, in action against common carrier.*—In an action against a railroad company as a common carrier, to recover damages for personal injuries, the law presumes, in the absence of all explanation, that the injury was the result of the carrier's fault, and casts on him the burden of overcoming that presumption, or of showing that the injury could not have been prevented by proper care and diligence.

3. *Negligence of railroad company, as cause of personal injuries; defective machinery.*—*Skill* and *care*, as the words are used in defining the duties and liabilities of a railroad company in the matter of carrying passengers, are not confined to the mere competency and watchfulness of the officers or agents in charge of the train, but equally include the track and the locomotive machinery, for the proper quality and condition of which the company is responsible.

4. *Same; new machinery.*—A railroad company is not required to adopt every new invention in connection with the machinery and rolling-stock used by it; but it must conform to such machinery and appliances as are in ordinary use by well-regulated railroad companies.

5. *Injuries hastening death by disease.*—If the plaintiff's intestate, at the time she received the injuries complained of, was afflicted with an incurable disease, which would have caused her death in due course of time, but her death was hastened by the injuries received, the railroad company would be liable; and if she was at the time suffering from pneumonia, and died of that disease, it could not be assumed, as matter of law, that the injuries did not hasten her death, by impairing her strength and ability to resist disease.

6. *Measure of proof.*—In civil cases, it is not necessary that the plaintiff shall establish his right to recover beyond doubt; such preponderance of evidence as produces reasonable conviction is enough.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. LEROY F. BOX.

This action was brought by Thomas F. Jones, as the administrator of the estate of his deceased wife, Mrs. Rebecca Jones, to recover damages of the defendant railroad company, as a common carrier, on account of personal injuries received by his intestate while travelling as a passenger in the defendant's cars, which, as he alleged, were caused by the negligence, unskillfulness, and want of care of the defendant or its servants, and resulted in her death. The accident occurred on the 21st November, 1883; Mrs. Jones died on the 30th November, and this action was commenced on the 6th March, 1884. The cause was tried on issue joined on the plea of not guilty, and the jury returned a verdict for the plaintiff, for $20,000; but, on motion for a new trial, the plaintiff consented to remit $6,000, and had final judgment for $14,000.

On the trial, as appears from the bill of exceptions, " the plaintiff's testimony tended to show that, on the 21st November, 1883, his intestate purchased a ticket, as a passenger on the defendant's road, from Birmingham to Warrior Station, and was on the train as a passenger; that near Newcastle, a station between Birmingham and Warrior, the coach in which she was riding was derailed, and she was thereby severely injured; that the derailment was caused by a loose wheel, which had been loose for several days, and could have been discovered by defendant with due and proper care; that the injury to his intestate was severe—that she had a rib broken, which caused her to take pneumonia, of which she died on the 30th November, 1883; also, that it was defendant's duty to have its cars and car-wheels inspected at Birmingham, before permitting a train to go out, and that defendant had neglected this duty on this occasion. The defendant introduced evidence tending to show that the cars and car-wheel of said train had been carefully inspected at Birmingham, before said train was permitted to go out, and no indication was then found of any defects in the cars or wheels, or any loose wheel on said train; that the wheels and axles were constructed of the best material, and were put together by hydraulic pressure, which was the proper means of putting the wheels on the axles; that said derailment was not caused by a loose wheel, but on account of a low or depressed joint in the rail or the track of the road; that such a sunken place in the track is liable to occur at any time, upon the best constructed railways; that defendant kept a section boss and hands at work on each section of its road, whose duty it was to go over their respective sections every day, and to keep the track in good order; that the conductor and engineer of said train were both skilled in their business, were careful men, and fully competent for their respective duties; and that said train was carefully and skillfully managed, conducted, and controlled. The testimony for the defendant tended to show, also, that plaintiff's intestate was taking, or had incipient pneumonia, before the accident; that her death was caused from pneumonia, and not from the effects of the injury received; that she was but slightly injured by the accident, and had no rib broken at all; that the injury did not produce pneumonia; that her death was produced by natural causes, and not from any injury received from said accident; that at the time of the injury, and prior thereto, she was in a bad state of health; and that the injury she received, if

she had been in good health, would not have affected her seriously at all."

On this evidence, the court charged the jury, at the request of the plaintiff, as follows: "If the jury believe from the evidence that plaintiff's intestate was injured through the negligence of the defendant, and that such injury caused her to take pneumonia, or aggravated the pneumonia from which she was then suffering, so that death resulted on that account; then plaintiff is entitled to recover, unless she would have died from pneumonia, as an independent cause, if she had not received the injury."

The defendant excepted to this charge, and requested the following charges in writing, duly excepting to the refusal of each:

"1. If the jury believe from the evidence that plaintiff's intestate, before the accident, had or was taking incipient pneumonia, and that she died from such pneumonia; then the presumption is, that the injury she received did not cause her death.

"2. If the jury believe from the evidence that, before the accident, plaintiff's intestate was taking or had incipient pneumonia, and that she died from such pneumonia; then the jury are authorized, from these facts, in connection with all the other facts in the case, to infer that the injury received at the time of the accident did not cause her death.

"3. If the jury believe from the evidence that, if plaintiff's intestate had been in ordinary health when the accident happened, her injury would not have produced death, and that her death was the result of bad health at the time of the injury; then plaintiff can not recover in this action.

"4. If the jury believe from the evidence that defendant's train was thrown from the track, not from a loose car-wheel, or from carelessness in the management of the car, train or engine, while in motion, but from a low or sunken joint in the track, and that the train being thrown from the track by said defect in it caused the injury complained of; then they must return a verdict for the defendant.

"5. If the evidence in the case leaves it doubtful, as to whether or not the death of plaintiff's intestate was caused by the injury she received while on defendant's train, or from natural causes, then the jury must find for the defendant.

"6. If the jury are in doubt, after weighing all the evidence in the case, as to whether the injury received by plain-

tiff's intestate while on defendant's train caused her death, or whether she died from natural causes; then they must find for the defendant."

The charge given, and the refusal of the several charges asked, are now assigned as error.

HEWITT, WALKER & PORTER, and JONES & FALKNER, for the appellant.—The plaintiff could not recover, under the first count in the complaint, without proving that the derailment of the car was caused by a loose wheel; nor under the second count, without proof of negligence or unskillfulness in the management and running of the train. A general averment of negligence, without a statement of the facts from which the conclusion of negligence follows, is not sufficient.—*Phœnix Ins. Co. v. Moog*, 78 Ala. 285. It is an elementary principle of law, that the plaintiff must prove his case as alleged, since the defendant is not required to meet any other case.—*Rice v. Railway Co.*, 3 Amer. & Eng. R. R. Cases, 365; 1 Carr. & P. 281. The complaint no where alleged that the defendant's road-bed was out of order, or that there was any negligence in this respect; nor was there any averment that the injury was caused, as the defendant's evidence tended to show, by a sunken joint in the rail or track. The charge given by the court authorized a recovery by the plaintiff, although the jury might believe the evidence for the defendant on this point; and the refusal of the fourth charge asked further justified that inference. As to the other charges asked and refused, it seems self-evident that, if the death of the intestate was caused by pneumonia, or resulted from pneumonia, it could not have been caused by the injury. She may have received injuries, for which, if she had survived, she might have maintained an action for damages; but the right of action died with her, unless such injuries *caused* her death.

SMITH & LOWE, *contra.*—There was no demurrer to the complaint; and if there had been, its sufficiency is sustained by the following cases: *Heddleston v. Ala. Great So. Railroad Co.*, 82 Ala. 218; *Hall v. Posey*, 79 Ala. 89; *M. & M. Railway Co. v. Crenshaw*, 65 Ala. 567; *Shearer v. M. & C. Railroad Co.*, 58 Ala. 672; *Leach v. Bush*, 57 Ala. 154; *Boyce v. Stage Co.*, 25 Cal. 460. Whether the death of the intestate was caused by the injuries received, without reference to the pneumonia, or was hastened by those injuries,

the defendant is equally liable.—*Railroad Co. v. Buck*, 49 Amer. Rep. 169, or 96 Ind. 346; *Ehrgott v. Mayor*, 96 N. Y. 264, or 48 Amer. Rep. 622; *Railroad Co. v. Kemp*, 61 Md. 619, or 48 Amer. Rep. 134; *Beauchamp v. Saginaw Mining Co.*, 50 Mich. 163, or 45 Amer. Rep. 30.

STONE, C. J.—The complaint in this case contains two counts. The *gravamen* of the first is, that the defendant negligently permitted a wheel of the trucks attached to the coach in which the plaintiff's intestate was being carried as a passenger, to become and remain loose, by which said coach was thrown from the track, injuring her, and causing her death. The second does not specify any particular omission of duty. Its averments are, that "the defendant did not use due and proper care or skill in and about the carrying of the said Rebecca Jones on the said journey, but so negligently and unskillfully conducted itself in that behalf, and in conducting, managing and directing the coach in which said Rebecca Jones was such passenger, . . . . . and the engine whereby the said train was drawn upon and along the said railway, that the coach which contained the said Rebecca Jones was thrown and cast with great violence from and off the rails of the said railway," &c. There was no demurrer to either count, but issue was taken upon them.

Two well-defined principles of law bear on the questions arising on the pleadings, and also must be kept in mind when we come to treat of the charges refused: *First*, in stating or averring matters which are, in their nature, more within the knowledge of the defendant than the plaintiff, less particularity is required. *Second*, if injury is suffered at the hands of a common carrier, the law, in the absence of all explanation, presumes it was the result of the carrier's fault, and casts on the latter the burden of overturning the presumption, or of showing that diligence and a careful observance of duty could not have prevented the injury, Stephen's Pl. 328, 329; *S. & N. R. R. Co. v. Bees*, 82 Ala. 340; *Leach v. Bush*, 57 Ala. 145.

"Skill" and "care," in and about the carrying of a passenger on a railway, are not confined to the mere competency and watchfulness of the officers in charge of the train; nor are these qualifications the only factors which enter into the inquiry, whether or not the carrier conducted itself negligently or unskillfully in the particular service. The track, locomotive machinery, or the rolling-stock may be unskill-

fully or negligently constructed, or may be negligently permitted to remain out of repair. If a railway corporation, in either of the conditions named, carry a passenger, and he suffer injury from defective structure, or failure to make proper repairs, this is negligence, or unskillful conduct on the part of the corporation, and gives a right of action. And the defect of structure, or want of repairs, being much better understood by the corporation, or person operating the road, than by the person who suffers the injury, it need not be averred with more particularity than is found in the second count in this case.—*Leach v. Bush*, 57 Ala. 145; *E. T., Va. & Ga. R. R. Co. v. Carloss*, 77 Ala. 443; *Phœnix Ins. Co. v. Moog*, 78 Ala. 284.

Lest we be misunderstood, we will repeat here what we have heretofore said. Railroads are not required to adopt every new invention. It is sufficient if they conform to such machinery and appliances as are in ordinary use by well-regulated railroad companies.—*L. & N. R. R. Co. v. Allen*, 78 Ala. 494; *Ga. Pac. Railway Co. v. Propst*, at present term.

Another principle of law bears on some of the rulings of the Circuit Court. Even if Mrs. Jones had pneumonia, or incipient pneumonia, at the time she received the injury, and it could be known that she would ultimately die of that disease; this would not necessarily, and as a matter of law, relieve the railroad of all responsibility. If the injury was caused by the negligence of the railroad company, under the rules declared above, and if it contributed and hastened her death, then the corporation would not be guiltless.—*Tidwell v. State*, 70 Ala. 33; Whar. Hom., § 382. This would be so in criminal prosecutions, and must be at least equally so in a civil suit, such as this. In such case, the wrong and injury are, in fact, the cause of the death.

The charge given at the instance of the plaintiff is free from error.

If the plaintiff's intestate had pneumonia at the time she was injured, and died of it, it does not follow that the injury was not the real cause of her death, in this, that it so impaired her strength and vital force as to render the disease incurable, when, without the injury, it would have yielded to treatment. Nor, in such case, is there any presumption that the disease alone caused her death, rather than that the disease, augmented and accelerated by the injury, produced the result. These were questions for testimony, for argu-

ment, and for deliberation by the jury; but no legal presumption arises, either one way or the other, out of the facts hypothesized in the first charge asked by the defendant. The Circuit Court did not err in refusing this charge. The second charge is faulty, because its tendency would have been to withdraw from the minds of the jury all aggravating or accelerating effect the injury might have produced. Moreover, it is in substance an argument, and well calculated to mislead. It was rightly refused.

The third charge is, to some extent, subject to the same criticism as that we have indulged in reference to the second. If the hypothesis of its second clause had been, "that her death was *solely* the result of bad health," it would only have asserted the true doctrine in reference to the testimony before the jury.

The principles we have declared above, when considering the complaint, show that the court rightly refused to give the fourth charge.

The fifth and sixth charges raise the same question. To authorize a recovery in a civil suit, it is not necessary to establish the right beyond doubt. Such preponderance of testimony as produces reasonable conviction is enough. These charges were rightly refused.—3 Brick. Dig. 434, §§ 409 to 414; *Adams v. Thornton*, 78 Ala. 489; *Phœnix Ins. Co. v. Moog*, 81 Ala. 335. There are authorities which hold, that when testimony is in equipoise, the finding must be against the party on whom the burden of proof rests. *Lindsey v. Perry*, 1 Ala. 203; *Vandeventer v. Ford*, 60 Ala. 610; *Wilcox v. Henderson*, 64 Ala. 535, These charges do not raise that question.

In *Life Association of America v. Neville*, 72 Ala. 517–521, is this expression: "While we fully recognize the principle, that whenever the evidence in a cause leaves a disputed fact in doubt and uncertainty, the issue must be found against the party upon whom the burden of proof rests." It was not intended in that case to declare that a mere doubt is enough to defeat a recovery in a civil suit. This disputed fact, to be within the principle declared, must not only be in doubt; it must be left in uncertainty. Certainty, in the law, has many intents, varying in degree. The concluding part of the sentence shows there was no intention to overturn or weaken the long-recognized rule, as to the measure of proof in civil suits. Its language is, that "courts and juries should rather weigh than count the testimony of witnesses, and a

[Drum & Ezekiel v. Harrison.]

decree or verdict should never be found by them on a mere preponderance, which fails to produce a proper conviction, or satisfaction in their minds." That was a chancery case, and the duty rested on the court, not on a jury, to weigh the testimony.

We find no error in the record.

Affirmed.

