# Alabama Great Southern Railroad Co. v. Siniard.

*Action against Railroad Company by Passenger to recover Damages for Personal Injuries.*

1. *Action by passenger against railroad company; charge of court to jury.*—In an action by a passenger against a railroad company to recover damages for personal injuries, where the negligence complained of is that while the plaintiff was boarding the defendant's train it was started with a sudden jerk which threw her from the steps of the coach, and it is shown by the evidence that the train had made a stop at the regular station and that the intending passengers were told to get aboard, and that as the plaintiff attempted to board the train she was assisted by a trainman, a charge which instructs the jury that if they find that the train came to a stop at the station where the plaintiff, with a ticket for transportation was waiting for its arrival, that upon the train stopping she attempted to go aboard of it, and "if the plaintiff was diligent in getting on the train and was getting on in a reasonable time after the train stopped, and if she was thrown down

[Alabama Great Southern Railroad Co. v. Siniard.]

by the sudden move of the train and was injured thereby, then the defendant was guilty of negligence, and plaintiff would be entitled to a verdict if she was guilty of no contribu_tory negligence," is free from error and properly given, and the fact that defendant's train, on the occasion in question, did not stop exactly at the place at which it usually stopped is immaterial.

2.  *Same; same; right of plaintiff to recover fees paid physician.* In an action against a railroad company by a passenger to recover damages for personal injuries, alleged to have been sustained by reason of the defendant's negligence, if, upon the facts proven upon the trial, the plaintiff is entitled to a verdict, she is entitled to recover the amount of fees she reasonably paid to physicians in treating the wounds sustained by her by reason of the alleged negligence of the defendant.

3.  *Same; when not necessary to show negligence on the part of each of the employes of the defendant.*—In an action against a railroad company to recover damages for personal injuries, where the complaint alleges that the plaintiff "was injured by the negligence of the defendant's employés in charge of and connected with defendant's trains," in that while ascending the steps of one of the coaches of defendant's trains, for the purpose of taking passage thereon, "and before she had time to enter or had entered the coach, the defendant's employés caused the train to start, thereby causing plaintiff to fall on the steps of the platform of the coach," from the effects of which fall she sustained the injuries complained of, such complaint counts generally upon the negligence of defendant's trainmen, and in order for the plaintiff to recover it is not necessary that she should show that each of the trainmen was negligent, and that the negligence of each combined with the negligence of the other to produce the injuries complained of.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. J. A. BILBRO.

This action was brought by the appellee, Palestine. Siniard, against the Alabama Great Southern Railroad Company, to recover damages for personal injuries.

The complaint contained four counts. Defendant's demurrer to the 1st count was sustained, and the 3d count was stricken from the complaint by the plaintiff. The 2d count of the complaint claimed ten thousand dol-

lars, as damages, for that the plaintiff, who was a passenger on the defendant's train, having purchased a ticket from Fort Payne to Collinsville, stations on defendant's road, "was injured by the negligence of defendant's employes in charge of and connected with defendant's train," in that while ascending the steps of one of the coaches of the defendant's train, for the purpose of taking passage thereon, "and before she had time to enter or had entered the coach, defendant's employes caused the train to start, thereby causing plaintiff to fall on the steps of the platform of the coach," from the effects of which fall she sustained the injury complained of.

In the 4th count of the complaint it was alleged that the plaintiff was injured by the negligence of the employes in charge of defendant's train, which plaintiff, at the time, was boarding to go from Fort Payne to Collinsville, in that while plaintiff was boarding the train and had gotten on the steps of the platform of the passenger coach, and before she had entered the coach the train was suddenly and negligently jerked and moved forward; and by means of which sudden jerk and movement of the train plaintiff was caused to fall and be thrown on the steps of said platform, inflicting a painful and serious wound on her leg.

On the trial of the cause, the plaintiff as a witness in her own behalf, testified as follows: "On the 8th day of June, 1897, I was hurt. I live at Collinsville. On the morning of the 8th day of June, 1897, I was going home from Fort Payne. I went to the depot. Had a ticket from Fort Payne to Collinsville. I was at the depot a short time before the train came. When we heard the train coming Mr. Green and myself started for the train from the depot to the train up the track a piece beyond where they usually stop, and we were walking up the track, going toward the approaching train, before it came to the station. And so we were several feet from the ladies' coach which I intended to enter. We went on up to the train and when it stopped I went aboard the train and some of the railroad officials, one or both, assisted me to the first step, and then I made one step

by myself, and when I went to make the next step the train was suddenly jerked and started, and that threw me on the steps and struck my limb some distance above the ankle; and that's where and how I received the injury. I attempted to board the train just as quick as I could walk the few steps between the train and myself when the train stopped."

There was other evidence introduced for the plaintiff tending to show that the injury was inflicted upon her when she fell on the platform of said coach; that she had suffered a great deal, and had incurred expense for medical services. The other facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave to the jury the following written charges: (1.) "If the jury find from the evidence that plaintiff was at the depot in Fort Payne and had a ticket to Collinsville on the road of defendant, and if they find that when the train came up and stopped she at once attempted to get aboard the train, and if she was not negligent as explained to you, and if while she was going up the steps to the ladies' coach the train was suddenly moved, and if plaintiff was diligent in getting on the train and was getting on in a reasonable time after the train stopped, and if she was thrown down by the sudden moving of the train and was injured thereby, then defendant was guilty of negligence and plaintiff would be entitled to a verdict, if she was guilty of no contributory negligence." (3.) "If the jury find that plaintiff is entitled to a verdict, then the question of amount of the verdict will arise. If entitled to a verdict, they may assess such reasonable damages as they deem right for compensation for mental anguish and pain suffered by her, if any, in consequence of the injury received, and for compensation for the injury received, if any, and also for amount of physician's fees reasonably paid by her." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give, among others, each of the following written charges requested by it: (5). "The court charges the jury that if they believe all

the evidence they should find a verdict for the defendant
on the 2d count of plaintiff's complaint." (7.) "The
court charges the jury that there can be no recovery
under the second count of plaintiff's complaint for any
injury resulting from the negligence of any one of the
employes of defendant in charge of the train and con-
nected therewith, in which other employes in charge of
the train and connected therewith did not participate."
(14.) "The court charges the jury that if they find
from the evidence that the injury resulted solely from
the negligence of the flagman, they should find a verdict
for the defendant." (15.) "The court charges the jury
that if they find from the evidence that the injury re-
sulted solely from the negligence of the engineer
they should find a verdict for the defendant."
(19) "Unless you believe from the evidence that both
the conductor and the engineer were guilty of negligence,
your verdict must be for the defendant."

There were verdict and judgment for the plaintiff,
assessing her damages at fifteen hundred dollars. From
this judgment the defendant appeals, and assigns as
error the several rulings of the trial court to which ex-
ceptions were reserved.

AMOS E. GOODHUE, for appellant.—Neither the plead-
ings nor the evidence show that the accident occurred at
the regular stopping place for the train at Fort Payne.
If the train stopped short of the station, it manifestly
had the right to carefully draw up to the usual stopping
place, and the moving of the train sufficiently to bring
it up to the usual and proper place for boarding the
trains would not be negligence, unless the train hands
knew, or had reason to believe some passenger was in a
position to be injured.—*Brown v. Scarboro,* 97 Ala. 316.
Whereas, if the train had stopped at the station to re-
ceive passengers, the defendant owed a duty to intending
passengers to remain still long enough to permit them to
board the train.—*H. A. & B. R. R. Co. v. Burt,* 92 Ala.
291.

The third charge, given at the request of the plaintiff,
was, under the facts of the case, erroneous.—*A. G. S. R.
R. Co. v. Davis,* 119 Ala. 572.

DAVIS & HARALSON, *contra.*—When a train stops at a passenger station for the purpose of allowing passengers to board the train, and a passenger attempts to board the train, and the train gives a sudden jerk and the passenger is injured thereby the railroad company is liable. *Bir. Un. R. Co. v. Smith,* 90 Ala. 60; *Iride v. N. Pac. R. Co.,* 7 Amer. Neg. Cases, 68; *Gulf City &c. R. Co. v. Troy,* 6 Amer. Neg. Cases, 546; *Holmes v. Atl. Trans. Co.,* 6 Amer. Neg. Cases 360; *Pactzig v. Boykin C. R. R.* 6 Amer. Neg. Cases, 82.

It is proper to charge the jury that even though the train stopped a reasonable time, yet if it started with a sudden jerk while plaintiff was boarding it, the railroad company would be liable if those in charge of the train knew or ought to have known of plaintiff's presence.—*Cohen v. Railroad Co.,* 7 Amer. Neg. Cases, 422. The case at bar is stronger than the one cited last above. In the case at bar plaintiff was boarding train at once on its arrival and its coming to a standstill, and before she had reasonable time to board the train after its stop, it suddenly jerked and the injury occurred. In such a case the railroad company is liable.

McCLELLAN, C. J.—The objection urged against charge 1 given for the plaintiff is rested on the assumption or insistence that the evidence does not show that the train had stopped at the depot in Fort Payne to let off and take on passengers, and was standing there for that purpose when plaintiff, while boarding the train as a duly accredited passenger, was thrown down upon the steps and platform and injured by the premature and sudden movement of the train. The assumption is gratuitous. The insistence is not supported by the record. Plaintiff's own testimony shows that the train stopped at its usual stopping place; and what she says about walking up the track as the train approached "a piece beyond where they usually stop," and being several feet beyond where it did stop, manifestly means only that she walked up the track beyond the point where part of the train usually stopped and beyond the point where that part of the train, the ladies' car, upon which

she intended to take passage, stopped on this occasion; and her testimony affords no inference whatever that the train stopped at an unusual place, but only that she misjudged the point of stopping of the ladies' car and walked a few feet beyond it. The testimony of Green is to the effect that they went out to the train at its usual stopping place; and the conductor testified that he made the regular stop at Fort Payne on the occasion in question. And, moreover, the testimony is full and without conflict that the stop which was made at that place at that time was for the purpose of taking on passengers, that intending passengers were there told to go aboard, and that trainmen were present and assisted the plaintiff a part of the way up the steps. Under these undisputed facts the rights of the plaintiff and the duties of defendant's employes were precisely the same whether the train was stopped exactly where it was usual to stop it or not.

The objection to charge 3 given for plaintiff is equally without merit. Of course the plaintiff, if entitled to recover at all, was entitled to recover the amount of fees she had reasonably paid to physicians in treating the wounds the defendant had inflicted upon her; and if this charge means other than this in the part of it which is objected to we confess our inability to see it.

The complaint counts generally upon the negligence of defendant's trainmen. This is the usual and quite sufficient averment when recovery is sought by a passenger for injuries sustained through the improper handling of the train; and it has never been supposed, and is not the law, that to recover in such case the plaintiff must show that each of the trinmen was negligent, and that the negligence of each combined with the negligence of the others to produce the result complained of. This plaintiff fully discharged the burden that rested upon her in this connection when she showed that she was injured by the untimely and sudden starting of the train.

The foregoing covers all the assignments of error insisted upon in the brief of appellant's counsel.

Affirmed.