# Birmingham Railway, Light & Power Co. v. Clemons.

*Action against Street Railway by Passenger to recover Damages for Personal Injuries.*

1. *New trial; quotient verdict; when not shown.*—When evidence is introduced tending to show that the verdict in a damage suit is, by pre-agreement of all the jurors arrived at by taking an assessment of damages for the plaintiff as made by each of the jurors, adding these assessments together, and then dividing the total by 12, such verdict is a quotient verdict, and illegal; but if it is shown that such process was resorted to without previous agreement that the result should be the verdict, but was tentative only as affording a basis for a subsequent consideration and discussion by the jury, the verdict thereafter rendered is not a quotient verdict, and is valid and legal.

2. *Motion for new trial; evidence of jurors.*—Where on a motion for a new trial, the verdict rendered is impugned as being a quotient verdict, it is competent for the plaintiff in whose favor the verdict was returned to prove by the jurors themselves in support of their said verdict that it was not arrived at by a process which constituted it a quotient or illegal verdict.

[Birmingham Railway, Light & Power Co. v. Clemons.]

APPEAL from the City Court of Birmingham.

Tried before the HON. W. W. WILKERSON.

This action was brought by the appellee, Eldonia Clemons, against the Birmingham Railway, Light & Power Company, to recover damages for personal injuries alleged to have been sustained by the plaintiff while a passenger on one of defendant's cars, which injury was caused by reason of the negligence of the defendant.

There were verdict and judgment for $750.00. Subsequently, the defendant moved the court to be granted a new trial upon the following grounds: "1. For that said verdict is contrary to the weight of the evidence. 2. For that the damages assessed by the jury are excessive. 3. For that the verdict of the jury was arrived at in an improper and unauthorized manner. 4. For that the verdict was arrived at by adding up the amounts each juror thought should be given as damages, and dividing the sum they found by twelve. .5. For that the verdict of the jury is a quotient verdict. 6. For that the verdict is contrary to the charge of the court. 7. In support of this motion the defendant files the affidavits of Sam M. Blake and Wm. A. Walker." This motion for a new trial was overruled; and on the present appeal the assignments of error are based upon the court's refusal to grant a new trial. The tendencies of the evidence for the defendant and the plaintiff on this motion are sufficiently shown in the opinion.

WALKER, TILLMAN, CAMPBELL & MORROW, for appellant.—The verdict returned by the jury in this case was a quotient verdict, and was subject to all the criticisms made of such verdicts in the opinion rendered in the case of *Southern Railway Company v. Williams,* 113 Ala. 620. See also 28 Am. & Eng. Encyc. of Law, pp. 267 and 272 and notes.

DENSON & ULLMAN, *contra.*—To constitute a quotient verdict, there must be a previous agreement made by all the jurors to abide the result so reached. The verdict in this case was not shown to be a quotient verdict.— 22 Am. & Eng. Ency. Pl. & Pr., p. 856-857; *Orange Belt*

11c

*R. R. Co. v. Craver,* 32 Fla. 28; *Cortelyou v. McCarthy,* 37 Neb. 742; *Luft v. Lingane,* 17 R. I. 420; *Barten v. The State,* 34 Tex. Crim. 613.

McCLELLAN, C. J.—A quotient verdict will be set aside on proper motion and proof. The evidence adduced by the defendant on its motion to set aside the verdict in this case showed *prima facie* that it was arrived at by taking the assessments of the several jurors, adding them together and dividing the total by twelve, the number of jurors, and that this was done upon a pre-agreement on the part of all the jurors that the amount resulting by this process should be the verdict. If this evidence stood alone in the case on the motion, the verdict should have been set aside.—*Southern Ry. Co. v. Williams,* 113 Ala. 620. But this was not all the evidence. It was competent for the plaintiff to prove by the jurors themselves in support of their verdict thus sought to be impunged, that these figures were made and that this process was resorted to without previous agreement that the result should be the verdict, but tentatively only, and to afford a basis for subsequent consideration and discussion by the jury. This proof was, to our minds, satisfactorily made by the affidavits of the jurors Mitchell and Johnson. Upon the facts stated by them the verdict was not a gambling or quotient verdict, but was freely reached by the jury, without moral coercion thereto by any previous agreement to adopt the average of their several assessments as their verdict, but merely looking to that average as a suggestion for their consideration along with all other considerations bearing upon their ultimate finding.—*Wilson v. Berryman,* (Col.) 63 Am. Dec. 78, and notes; 22 Am. & Eng. Ency. Pl. & Pr. 856 et seq.

The other grounds of the motion, viz., that the verdict was not supported by the evidence, and that it was excessive in amount, are without merit; or at least we may say that we cannot affirm that the city court erred in not granting the motion upon them.

Affirmed.

TYSON, SIMPSON and ANDERSON, J.J., concurring.