# Birmingham Ry. Light & Power Co., v. Moore, Ella.

*Action for Damages for Injury to Passenger.*

(Decided Nov. 15th, 1906.  42 So. Rep. 1024.)

1. *Carriers; Injury to Passenger; Complaint.*—Where the complaint alleges that plaintiff was a passenger on defendant's car when she received the injury complained of, the duty owing by defendant to her is shown, and the averment that defendant failed to perform this duty is sufficient.

2. *Same; Allegation of Place of Injury.*—The allegation that plaintiff was injured while on a car of defendant, which operates its cars in the city of Birmingham, is sufficient as an allegation of place where the injury occurred.

3. *Continuance; Grounds; Loss of Pleadings.*—A motion to continue on the ground that the original pleadings were lost, where the court ordered that the record of the original papers might be used upon the trial in all respects as the original paper, as provided by Sections 2644, 2645, Code of 1896, is properly refused.

4. *Appeal; Review, Showing Error; Record.*—No error can be predicated on the action of the court in overruling an objection to certified copies of the original answers to interrogatories, which were lost, a certified copy of which was offered for filing, where there is nothing in the record to show that such certified copy was substituted.

5. *Carriers; Injury to Passenger; Negligence; Presumption.*—The negligence of defendant is presumed when a passenger on its

[Birmingham Ry. Light &- Power Co. v. Moore, Ella.]

street car was injured by the car colliding with another, and no evidence is offered explanatory of the collision.

6. *Damages; Amount; Jury Question.*—Where the evidence varies as to the extent of the injuries received, the amount of damages becomes a question for the jury.

7. *Same; Evidence; Competency.*—The complaint alleging that plaintiff was put to great expense for medical attention, it was proper to permit her to show what amount she had paid or was to pay her doctor.

8. *Evidence; Competency of Experts.*—It is not error to permit one shown to be an expert to answer a hypothetical question where the evidence tends to show the facts substantially as they were embraced in the hypothetical question asked.

9. *Damages; Evidence.*—It was proper to permit plaintiff to show that any and all means known to medical skill were resorted to in the proper treatment of plaintiff to relieve her from danger.

10. *Same.*—Where the evidence tended to show that plaintiff had appendicitis, superinduced by the injury received, it was competent to show the physical result that followed the disease.

11. *Evidence; Medical Books.*—Where the evidence tended to show that the injuries received superinduced appendicitis, parts of standard medical books relating to the disease was competent evidence.

12. *Witnesses; Cross Examination.*—Where the conductor on the car manifested lack of recollection of the incident of the action, he was properly asked on cross examination, "Is it not a fact that the Godkin baby was very badly injured?" and "Did you know the names of anybody on the car?"

13. *Appeal; Review; Harmless Error.*—It is not error to fail to sustain an objection to a question where the question is not answered.

14. *Carriers; Injury to Passengers; Action; Complaint.*—An allegation of the negligence of the carrier, in an action for injury to passenger, is sufficient to embrace negligence of the carrier's servant.

15. *Pleadings; Issues on Proof; Unnecessary Allegations.*—Where no negligence is alleged with respect to the wreck, nor any of plaintiff's injuries attributed thereto, it is not necessary to introduce evidence to support the allegation that the car was wrecked.

16. *Carriers; Damage; Instruction.*—A charge asserting that the burden of proof is on the plaintiff to show that the injuries alleged were the proximate cause of the appendicitis, is properly refused, where the complaint alleged other injuries, than the one claimed to have the appendicitis.

[Birmingham Ry. Light & Power Co. v. Moore, Ella.]

17. *Trial; Instructions; Reasonable Doubt.*—A charge asserting that plaintiff cannot recover if, after a fair consideration of all the evidence, any individual juror is reasonably satisfied by any material part of the evidence that she ought not to recover, is good and improperly refused. (WEAKLEY, C. J., and DENSON, J., dissent.)

18. *Damages; Excessive Verdict.*—Where the evidence tended to show that plaintiff received injuries one of which superinduced appendicitis, on account of which plaintiff had to undergo an operation, resulting in great injury to her health, a verdict of $3,725.00 is not excessive.

19. *Trial; Deliberation of Jury; Quotient Verdict.*—In order to vacate a verdict on the ground that it was a quotient verdict it must be shown by competent evidence that the jurors in advance agreed to be bound by a particular manner adopted by them to arrive at the verdict.

20. *New Trial; Affidavit of Jurors to Impeach Verdict; To Sustain Verdict.*—The affidavit of a juror is not admissible for the purpose of impeaching the verdict, on a motion for new trial; but affidavit of a juror is competent evidence to support the verdict.

APPEAL from Birmingham City Court.
Heard before HON. CHARLES A. SENN.

Action by Ella P. Moore against the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

This was an action for damages growing out of an injury to the passenger. Most of the facts are stated in the opinion, but for a clearer understanding of the opinion the assignments of error insisted on are here set out. The first five assignments relate to the action of the court in overruling the defendant's demurrers to the several counts of the complaint. The allegations of the complaint and demurrers thereto are sufficiently stated in the opinion. The sixth assignment of error is sufficiently stated in the opinion. The eighth assignment is as follows: "The court below erred in overruling appellant's objection to the following question propounded by the appellee to the witness Dr. Meadows: 'Doctor, what would be your opinion on a statement of facts like this: Say a patient, a lady, was in a street car wreck, in which there was a collision, and she received a nervous

shock. She received bruises on her knee and in her stomach. Within a month's time after that she was operated on for appendicitis. After the collision she was nervous, and continued to be nervous up to the present time. She lost weight; fell off say about 12 pounds. Her nervous condition did not rally or improve and her general health had steadily been less, at a lower grade than before she was in that collision. Coupled to that, the fact that before the collision she was in good health and hadn't had any serious sickness. Would you say, on the facts of that kind, that her nervous system had been impaired, either temporarily or permanently, and upon the facts predicated in my question, with a lapse of ten months without any improvement in the general nervous condition, lead you to believe as a medical man that the injury to her nervous system might be permanent?" The tenth assignment of error was based on the refusal of the court to sustain appellant's objection to the following question to the same witness: "If there is inflammation in the region of the appendix, would it be dangerous to cut through the peritoneum to the appendix?" The eleventh assignment sufficiently appears. The twelfth assignment is as follows: "The court erred in overruling appellant's objections to the question propounded by appellee to the witness Dr. Schoolar, 'As a physician, how long, in your opinion, would you say the person who has been operated on for appendicitis would have to be careful with themselves?" The thirteenth and thirtieth are set out in the opinion. It is unnecessary to set out the sixteenth and seventeenth.

Several charges were requested by the appellant and refused by the court. Charges 1 and 2 are the general affirmative charges on the third and fourth counts. Charge 3 is the general affirmative charge. Charge 4 is set out in the opinion, as is charge 5. Charge 6 is as follows: "The burden of proof in this case is on the plaintiff to reasonably satisfy your minds that the injuries alleged to have been received by the plaintiff were the proximate cause of the appendicitis alleged." The other assignments of error sufficiently appear in the opinion.

[Birmingham Ry. Light & Power Co. v. Moore, Ella.]

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. A copy of the record duly certified alone shall have the force and effect of the original papers and the court erred in putting the defendant to trial without one or the other.—*Addison v. Steele,* 25 Ala. 552. The court erred in refusing charge 5.—*Hale v. The State,* 122 Ala.; *Nelson v. The State,* 177 Ala. 32. The court erred in excluding all the affidavits of the jurors. The verdict arrived at was a quotient verdict.—*Southern Ry. Co. v. Williams,* 113 Ala. 620; *Haight v. Hoyt,* 50 Conn. 583; 28 A. & E. Ency. of Law, pp. 267-272. (Counsel discuss other assignments of error but cite no authority.)

PEYTON H. MOORE, for appellee.—The demurrers were properly overruled to the counts of the complaint.— *Armstrong v. Montgomery Street Railway,* 123 Ala. 233. The court did not err in its rulings on the testimony.— *A. G. S. R. R. Co. v. Siniard,* 123 Ala. 557; 8 Ency. P. & P. 578; *A. C., etc., Ry. Co. v. Webb,* 97 Ala. 163. The hypothetical question was properly allowed.—*Summerville v. Richards,* 37 Mich. 299; *Abbott v. Dinchell,* 74 Wis. 514; *Pittman v. Pittman,* 124 Ala. 306; *Railroad Co. v. Mothershed,* 97 Ala. 151. The medical books were properly admitted in evidence.—*Markle v. The State,* 37 Ala. 139; *Stoudenmire v. Williams,* 29 Ala. 558. The court did not err in refusing the affirmative charges.— *L. & N. R. R. Co. v. Trammell,* 93 Ala. 350; *Espalla v. Richards,* 94 Ala. 159; *Strickland v. Burns,* 14 Ala. 511; *Womack v. Byrd,* 54 Ala. 504; *Oxford Iron Co. v. Spraggins,* 36 Ala. 98; *Bates v. Hart,* 124 Ala. 427. Charge 4 was proper.—*Callahan v. Jones,* 83 Ala. 376; *M. & E. Ry. Co. v. Mallott,* 92 Ala. 209; *G. P. Ry. Co. v. Love,* 91 Ala. 432. The court did not err in refusing charge 5. —*Cunningham v. The State,* 117 Ala. 66; *Lewis v. The State,* 121 Ala. 1; *Ross v. Ross,* 20 Ala. 105. The court did not err in its action in reference to the continuance or in permitting plaintiff to file verified copies of her answers to the defendant's interrogatory.—*A. G. Ry. Co. v. Hill,* 93 Ala. 514; *Smith v. Collins,* 94 Ala. 394; *Thompson v. Grace,* 42 Ala. 431. The court properly refused to consider the affidavit of the juror tending to in-

validate the verdict.—*City of Eufaula v. Speight,* 121 Ala. 613; *Montgomery St. Ry. Co. v. Mason,* 133 Ala.

DENSON, J.—This action was brought by Ella P. Moore against the Birmingham Railway, Light & Power Company to recover damages consequent upon personal injuries alleged to have been suffered by the plaintiff, while a passenger on one of defendant's street cars, through the negligent conduct of the defendant while operating said street car. The complaint consists of five counts. Each of them showed that the defendant was a common carrier of passengers, and the plaintiff was a passenger on one of defendant's cars, when she received the injury; and by this was shown the duty of the defendant to conserve her safety. The duty having been thus shown, the averment of a failure to perform it—of the negligence of the defendant, whereby the injury was caused to the plaintiff—though very general, was sufficient, under an unbroken line of decisions by this court. —*Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 233, 26 South. 349; *L. & N. R. R. Co. v. Anchors,* 114 Ala. 492, 22 South. 279, 62 Am. St. Rep. 116; *Western Ry. of Ala. v. Walker,* 113 Ala. 267, 22 South. 182; *L. & N. R. R. Co. v. Markee,* 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21; *S. & N. R. R. Co. v. Thompson,* 62 Ala. 494; *L. & N. R. R. Co. v. Jones,* 83 Ala. 376, 3 South. 902; *Central of Georgia R. R. Co. v. Martin,* 138 Ala. 531, 36 South. 426; *Southern Railway Co. v. Burgess,* 143 Ala. 364, 42 South. 35.

There was one ground of demurrer to one or more counts of the complaint to the effect that the place where the injury occurred was not alleged. In this respect the first and third counts of the complaint show that "the defendant was engaged in operating by electric force a street railway as a common carrier of passengers in and upon the streets of Birmingham, in the state of Alabama, and the defendant did then and there so negligently conduct said business," etc. We judicially know that the streets of Birmingham, and all of them, are in Jefferson county, and the averment was sufficient as to place.—*Chitty on Pleading* (1855) p. 394; *Jean v. Sandiford,* 39 Ala. 317; *Armstrong v. Montgomery St.*

*Ry. Co., supra.* The second, fourth, and fifth counts point out with particularity the place where the injury occurred in the city of Birmingham.

When the cause was called for trial in the city court, it was made known to the court that the original pleadings in the cause were lost, mislaid, or destroyed, and had not been substituted. On this ground the defendant moved the court to continue the cause. The motion was resisted by the plaintiff, whereupon (as the bill of exceptions states) the court ordered that the record of the original papers might be used upon the trial of the cause in all respects as the original. In making this order it cannot be doubted that the court acted within the letter and the spirit of the statute. Therefore its action is unassailable.—Code 1896, §§ 2644, 2645.

The defendant then assigned as another ground for its motion for a continuance that it had filed interrogatories to the plaintiff and the answers thereto were lost, mislaid, or destroyed with the original papers, and that said answers were not matter of record, and defendant could not avail itself of these answers of plaintiff to said interrogatories if it went to trial of the case at the time. In this connection the bill of exceptions recites: "Whereupon the plaintiff submitted a certified copy of plaintiff's answers to defendant's interrogatories, verified by the oath of the plaintiff and the clerk of this court ,and asked that the same be filed as a substitute, on the ground that the original had been lost, mislaid, or destroyed. Thereupon the defendant interposed an objection to the substitution of said papers on the ground that notice had not been given by the plaintiff of such contemplated action as required by law. The court overruled said objection, and to the ruling of the court thereon the defendant then and there duly excepted. It is manifest that reversible error cannot be predicated on the action of the court with respect to this matter, 'for the reason that there is nothing in the record to show that answers to the interrogatories were substituted.

The bill of exceptions, proceeding, states: "Whereupon the defendant objected to going to trial on the ground that one day's notice had not been given by the

plaintiff of her intention to file the copy as aforesaid, and the court overruled the objection, and to the ruling of the court thereon the defendant duly excepted." Reversible error cannot be predicated of the court's action in overruling this objection. The record failing to show that the answers were substituted, it was immaterial whether defendant had the day's notice or not.

The case was tried on the plea of the general issue; the trial resulting in a verdict and judgment for the plaintiff in the sum of $3,725. It cannot from the evidence be successfully disputed that the plaintiff, on or about the 11th day of June, 1903, was a passenger on one of defendant's street cars that was being at the time operated by the defendant, through its servants, on the streets of the city of Birmingham, and that the car was allowed to run into a switch, and on the side track leading from the switch, until it collided with a car that was standing on the side track. The fact that the collision was the result of negligence on the part of the defendant's servant or servants seems, so far as the record shows, not to have been controverted. There was no evidence explanatory of the collision. In the absence of such evidence the presumption of negligence arose.— *G. P. Ry. Co. v. Love,* 91 Ala. 432, 8 South. 714, 24 Am. St. Rep. 927; *Birmingham Ry., Light & Power Co. v. Bynum,* 139 Ala. 389, 36 South. 736.

The extent of the injury suffered by the plaintiff on account of the collision was a subject of serious controversy. The plaintiff contended that in the collision, among other injuries, she received a blow on the lower part of the right side of the abdomen which superinduced "traumatic appendicitis." The evidence without conflict showed that she was a healthy woman up to the time of the collision, had never detected or felt any symptoms of appendicitis up to that time, nor had she received any injury before that time. It further showed that she had pain in the region of the appendix from the time she received the blow in her side up to the 22d day of July, 1903, at which time she was operated on in St. Vincent's Hospital in the city of Birmingham; the operation demonstrating that she had appendicitis. The precise point of controversy was whether the appendicitis,

with which the plaintiff was affetced, was the proximate result of the blow—whether it was "traumatic appendicitis." There was much evidence addressed to this point, the bulk, if not all, of which was necessarily evidence of experts, physicians and surgeons. On the point the evidence as shown by the record was very interesting. It would serve no practical purpose, however, to enter here upon a discussion of the scientific question at issue, even if the writer felt competent to do so in a manner that would shed light upon it. The doctors—the experts—differed in their opinion on it. Thus it was made a question for the determination of the jury—a jury question—under appropriate instructions from the court.

Sundry exceptions were reserved to the rulings of the court on the admissibility of evidence, some of which rulings have been assigned as error. It was averred in the complaint that the plaintiff was put to great expense and inconvenience in providing necessary medical attention in her efforts to heal and cure her said wounds and injuries. Plaintiff, after testifying that Drs. Guinn Meadows, and Schoolar. rendered her medical attention on account of her injuries, and that they performed the operation on her for appendicitis, was asked by her counsel this question :"State what was the amount you paid or are to pay these doctors." The question was objected to on the grounds that it called for immaterial, irrelevant, incompetent, and illegal evidence. It was necessary for the plaintiff to offer evidence to show that she incurred liability for medical bills, and the question called for evidence which showed or tended to show such liability, and was directly within the averments of the complaint. If it be conceded that only reasonable bills for physicians' services were recoverable, this did not render the evidence sought objectionable; and, if no evidence was offered to show reasonableness of such service, the defendant should have moved the court to exclude the evidence, or should have asked a charge excluding such services as an element of damages.—*Duke v. Mo. Pac. Co.*, 99 Mo. 347, 12 S. W. 636; *Murray v. Mo. Pac. Co.*, 101 Mo. 240, 13 S. W. 817, 20 Am. St. Rep. 601; *A. G. S. R. R. Co. v. Siniard*, 123 Ala. 557, 26

South. 689; *A. G. S. R. R. Co. v. Davis*, 119 Ala. 572, 24 South. 862.

The seventh assignment of error is not insisted on.

There was evidence tending to show the facts substantially as they were embraced in the hypothetical questions propounded to Dr A. E. Meadows by the plaintiff on the examination in chief. He was shown to be a practicing physician of 20 years' experience—an expert. The matter upon which he was asked to express an opinion was pertinent, and the court properly allowed him to answer the hypothetical question.—*Parish's Case*, 139 Ala., on page 43, 36 South. 1012. The ruling of the court on the questions is presented for review by the eighth and ninth assignment of error.

It is argued in support of the tenth assignment of error that there was no evidence tending to show inflammation in the region of the appendix. In this we think counsel is mistaken. There is no merit in this assignment.

Dr. Meadows was asked by the plaintiff this question on redirect examination: "Doctor, if a case of appendicitis should develop, would hot and cold applications to the parts have a tendency to postpone and allay the irritation?" It is conceded by the appellant that it might have been material to show that hot and cold applications applied to the parts would have a tendency to postpone the necessity for operation. It seems that the concession shows that there is no merit in the assignment of error which presents the question for review. It was proper to show that all and any means known to medical skill were resorted to, in the proper treatment of the plaintiff, to relieve her without subjecting her to the danger of an operation. We cannot say that remedies which would allay irritation would not postpone the necessity for operating for appendicitis. The evidence of Dr. Guin showed that hot and cold applications were used with the plaintiff to allay the inflammation, and when they were used the plaintiff's condition improved. There is no merit in the objection of the defendant to the question.

There was evidence tending to show that the blow the plaintiff testified she received on her side at the

time of the collision superinduced appendicitis with which plaintiff was afflicted. The operation performed on plaintiff was a successful one. Nevertheless, it was competent to show the results that followed the operation, and as one of the results that the plaintiff would necessarily have to be careful with respect to her person, and the length of time such care would have to be observed. There was no error in the ruling of the court on the question which elicited this testimony, and consequently no merit in the twelfth assignment of error.

The thirteenth and thirtieth assignments of error relate to the same subject, and have been treated together in appellant's brief. The thirteenth assignment presents for review the ruling of the court overruling defendant's objection to the introduction in evidence by the plaintiff of a part of a book entitled "Practice of Surgery," by Wharton & Curtis, while the thirtieth assignment presents a like question with reference to the introduction of a book entitled "Modern Surgery," by De Costa. Each of the books was shown to be a standard medical work, and the parts offered in evidence pertain to the pathology of appendicitis. Particularly did they relate to the question, which was much in dispute on the trial of this case, viz., whether or not appendicitis could be caused by a blow or bruise—by traumatism. Under the rule established by this court in 1857 in the case of *Stoudenmeier v. Williamson*, 29 Ala. 558, the objections to the introduction of the books were properly overruled.—*Merkle's Case*, 37 Ala. 139; *Oakley's Case*, 135 Ala. 29, 33 South. 693. With respect to the thirtieth assignment we may further remark that the objection to the book as evidence was undefined—was a general objection. It may also be doubtful whether the assignment is sufficiently specific to require consideration.—Rule 1 of Supreme Court Practice; *Williams v. Coosa Mfg. Co.*, 138 Ala. 673, 33 South. 1015.

In view of the fact that defendant's witness Harrell, the conductor of the car on which plaintiff was a passenger manifested lack of recollection of the incidents of the collision, and especially in view of the fact that he testified, if any one was hurt on the car, he did not know it, the questions asked on cross-examination,

namely: "Is it not a fact that the Godkin baby was very badly injured?" "Did you know the names of anybody on the car?"—were properly allowed over the defendant's objections.—*Stoudenmeier v. Williamson*, 29 Ala. 558; *Lowery's Case*, 98 Ala. 49, 13 South. 498.

The sixteenth and seventeenth assignments of error present for review rulings of the court overruling objections propounded by the plaintiff on cross-examination to Dr. Cunningham Wilson. We dismiss the assignments with the remark that the question covered by the sixteenth was not answered, and the answer to the question covered by the seventeenth was not prejudicial but favorable, to the defendant.

This brings us to a consideration of the special charges refused to the defendant. Charge numbered 3, refused to the defendant, was the general affirmative charge in favor of the defendant as to the whole case, while charges numbered 1 and 2 were affirmative charges in favor of the defendant, but limited to the third and fourth counts of the complaint, respectively. It is insisted by the appellant that these charges should have been given, upon the theory that the complaint and each count therein charged corporate negligence, as contradistinguished from the negligence of a servant or agent. Four cases decided by this court are cited by appellant's counsel in support of the insistence: *City Delivery Company v. Henry*, 139 Ala. 161, 34 South. 389; *Central of Georgia Ry. Co. v. Freeman*, 140 Ala. 583, 37 South. 387; *Southern Ry. Co. v. Yancy*, 141 Ala. 246, 37 South. 341; *Birmingham Sou. Ry. Co. v. Gunn*, 141 Ala. 372, 37 South. 329. The counts in the cases charged wanton or intentional injury by the defendant, and they were held to be counts in trespass, and not counts in case. It was held in each of the cases that, the counts being in trespass for the acts of the defendant itself, and not for the unauthorized act of its servant for which it was responsible, to sustain them proof of actual participation on the part of the defendant in the damnifying act was essential. Testing the complaint in the case at bar by what was said by the court of counts 1 and 2 in the case of *City Delivery Co. v. Henry, supra,* every one of its counts is in case, and not in tres-

pass. Indeed, it is not contended by the appellant that the counts are in trespass. For any carelessness or negligence of a servant of a common carrier of passengers which results in injury to the passenger the carrier is liable to the same extent as for his own. In Hutchinson on Carriers it is said, with respect to corporations as common carriers, that in questions of liability for injuries occasioned by negligence or incompetency between such carriers and their passengers, the officers and agents of the former will be identified with their principals, and such companies will be regarded as constructively present in all acts performed by their agents and servants within the range of their ordinary employment.—Hutchinson on Carriers, § 535. Then it may truly be said that the negligence of the agent or servant of the corporation is the negligence of the corporation. This is settled doctrine with respect of the liability of corporations as to negligence of their servants. The averments of the complaint embraced negligence of the defendant's servants.—*S. & N. R. R. Co. v. Chappell*, 61 Ala. 527; *K. C. M. & B. R. R. Co. v. Sanders*, 98 Ala. 293, 13 South. 57. The authorities cited by appellant in support of its contention are not in point, nor can its insistence be sustained  Moreover, the proof having shown the collision, with consequent injury to plaintiff, and there being no explanatory evidence as to the cause, as has been previously stated in this opinion, the prima facie presumption is that the injury was the result of the carrier's negligence.—*Montgomery & Eufaula Ry. Co. v. Mallette*, 92 Ala. 209, 9 South. 363. The charges were rightly refused, so far as the theory we have been considering was concerned.

But the appellant insists, further, with respect to the second charge, that the fourth count charged that the car was wrecked, that there was no evidence to support the allegation, and, therefore, that charge 2 should have been given. The count does state that the car was wrecked and collided with another car. But it will be observed that no negligence is alleged with respect to the wreck, nor are any of the plaintiff's injuries attributed to a wreck. It is alleged in the count that "as a proximate and direct result of said colliding plaintiff

was violently thrown from her seat, and thereby plaintiff's body and limbs were bruised, cut, and scarred." So the only negligence averred relates to the collision. It must be held that charge 2 was well refused in respect of this insistence.

The negligence alleged is not confined to the acts of the motorman, nor to any particular servant. The motorman may have been in the observance of due care in running the car, and yet this would not close the inference that some other employe of the defendant was negligent in leaving the switch so that the car would run on the side track, instead of continuing on the main line. So the insistence of the appellant with respect to charge 3 cannot prevail. The charge was properly refused.

Charge 4, refused to the defendant, is in this language: "There is no presumption of law in this case that the defendant was guilty of negligence which proximately caused plaintiff's injuries." Again we remark that the evidence without conflict showed that the plaintiff was a passenger on one of defendant's cars, that it collided with another of defendant's cars, in the collision, as the evidence strongly tended to show, the plaintiff received immediate injuries, and there was no evidence explanatory of the cause of the collision. On this state of the evidence it is obvious that the charge is misleading in its tendencies, if it is not inherently bad.— *Montgomery & Eufaula R. R. Co. v. Mallette,* 92 Ala. 209, 9 South. 363; *L. & N. R. R. Co. v. Jones,* 83 Ala. 376, 3 South. 902; *Ga. Pac. R. R. Co. v. Love,* 91 Ala. 434, 8 South. 714, 24 Am. St. Rep. 927; *Birmingham Ry., Light & Power Co. v. Bynum,* 139 Ala. 389, 36 South. 736.

It was not exclusively for the injury which the plaintiff contended resulted in appendicitis that damages were claimed. The evidence showed other injuries to the person of the plaintiff, as alleged in the complaint, which were not insisted upon as causes of appendicitis. Hence the refused charge numbered 6 was properly refused as a misleading charge, if it was not vicious in other respects.

Charge 5, refused to defendant, was in this language: "The plaintiff cannot recover damages in this case if,

after a fair consideration of all the evidence, any individual juror is reasonably satisfied by any material part of the evidence that she ought not to recover damages." Under the rule as laid down in the case of *Hale v. State*, 122 Ala. 85, 26 South. 236, with respect of charge 7 that was refused to the defendant in that case, and in the case of *Mitchell v. State*, 129 Ala. 23, 30 South. 348, with respect of charge 2 refused to the defendant in that case, charge 5, as above set out, must be held to assert a correct proposition of law, and its refusal constitutes reversible error.

The only remaining assignment of error (the twenty-fifth) relates to the refusal of the court to grant the defendant a new trial. The first insistence of appellant with respect to this assignment is that the verdict of the jury was excessive. We have carefully considered the evidence with respect to the question whether appendicitis resulted from a blow received by the plaintiff in the collision. The evidence is undoubtedly in conflict on the question. If the plaintiff received the blow on the lower part of the right side of the abdomen, as she testified she did, and it superinduced appendicitis, on account of which she had to undergo the operation, which the testimony shows she was subjected to, it cannot be contended with any show of reason that the verdict should be set aside as being excessive. On the evidence it was open to the jury to solve this question in favor of the plaintiff, and we cannot say that there was any palpable failure of evidence to support the verdict rendered. Hence, with respect to this point, we cannot say that the court erred in refusing the motion for a new trial.

The only other insistence by counsel for appellant with respect to the overruling of the motion for a new trial is that the verdict of the jury was not arrived at in a legitimate way—that it was a quotient verdict. It has been said by this court that "a verdict is not a true verdict, the result of any arbitrary rule or order, whether imposed by the jury or the court, or officer in charge. If a jury should agree in advance that their verdict should be the result of a quotient of a division by 12 of

the sum total of all the jurors' separate assessment, a verdict brought about by such an agreement ought to be set aside."—*Southern Ry. Co. v. Williams*, 113 Ala. 620, 21 South. 328; *City of Eufaula v. Speight*, 121 Ala. 613, 25 South. 1009; *Dana v. Tucker*, 4 Johns. (N. Y.) 487; 2 Thompson on Trials, § 2602; *Birmingham Ry., Light & Power Co. v. Clemons*, 142 Ala. 160, 37 South. 925. The rule with reference to quotient verdicts is stated in the case of *Dana v. Tucker, supra*, in this language: "If the jurors previously agree to a particular mode of arriving at a verdict, and to abide by the contingent result at all events, without reserving to themselves the liberty of dissenting, such a proceeding would be improper; but if the means is adopted merely for the sake of arriving at a reasonable measure of damages, without binding the jurors by the result, it is no objection to the verdict." The vitiating fact seems to be the agreement in advance to abide by the result.—*Thompson v. Com.*, 8 Grat. (Va.) 637; *Dorr v. Fenno*, 12 Pick. (Mass.) 521. To render a verdict objectionable and subject to vacation on the ground that it was a quotient verdict, it devolves upon the assailant of the verdict to show by competent evidence that the jurors in advance agreed to be bound by a particular mode adopted of arriving at the verdict.

The defendant offered in support of the motion the affidavit of one of the jurors, and it must be conceded that the affidavit, considered by itself, fully supports the proposition that the verdict was a quotient verdict. But the court declined to consider the affidavit of the juror as evidence impeaching the verdict. In this ruling the court was in current with former decisions of this court. These decisions are rested upon the principle that the law and public policy alike declare that affidavits of jurors with respect to occurrences in the jury room amongst themselves may not be received for the purpose of impeaching their verdict.—*Clay v. City Council of Montgomery*, 102 Ala. 297, 14 South. 646; *City of Eufaula v. Speight*, 121 Ala. 613, 25 South. 1009; *Hall's Case*, 134 Ala. 90, 32 South. 750. See, also the following authorities: *Dana v. Tucker*, 4 Johns. (N. Y.) 487; 2 Thompson on Trials, §§ 2603, 2618, and

cases collected in note 3 to section 2603. On the contrary, it seems to be settled law that where an attempt is made to show misconduct on the part of the jurors—to impeach their verdict—the affidavits of the jurors may be received to rebut the imputation of misconduct. —*Birmingham Railway, Light & Power Co. v. Clemons,* 142 Ala. 160, 37 South. 925; 2 Thompson on Trials, § 2623, and authorities collected in note 1 to that section; *Dana v. Tucker, supra.* It follows that the court was right in not considering the affidavit of the juror offered to impeach the verdict, but fell into error in not considering the affidavits of the jurors that were offered by the plaintiff in support of the verdict. The affidavits of the jurors that were offered by the plaintiff showed that no agreement to be bound by the result of a division of any number or the sum total of any numbers was made. The court did not exclude the affidavits offered by plaintiff. They are in the record. The court simply declined to consider them. It was the plaintiff's right to have the court consider them, and we hold that it is our duty here to consider them. Upon the evidence we hold that the verdict was not shown to be a quotient verdict.—*Birmingham Ry., Light & P. Co. v. Clemons,* 142 Ala. 160, 37 South. 925, and authorities supra.

The motion for a new trial was properly overruled. For the error in refusing charge 5, requested by the defendant the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, SIMPSON, and ANDERSON, JJ., concur.

(On application for rehearing.)—PER CURIAM.— Application for rehearing overruled.

HARALSON, TYSON, DOWDELL, SIMPSON, and ANDERSON, JJ., concur.

DENSON, J. (dissenting.)—This is the second application for a rehearing in this cause. The case was affirmed in an opinion by the writer in which it was held

that charge 5, requested by the defendant, was properly refused by the trial court. Upon further consideration, on application for rehearing by the appellant, it was determined that charge 5 enunciated a correct proposition of law, and that the trial court erred in refusing it. On this application by the appellee for a rehearing a majority of the members of the court adhere to the ruling that charge 5 enunciates a correct proposition, and the judgment reversing the judgment appealed from is adhered to. From the conclusion reached by my brethren I feel constrained to dissent, and, though the matter may seem to be of small moment, I regard it as being of sufficient importance in the administration of justice to give the reasons for my dissenting vote.

Instructions to juries should be accurate and clear, easy of interpretation, and not likely to mislead.—*Peterson's Case* ,74 Ala. 34; 1 Mayfield's Dig. p. 171, § 151. And charges that have a misleading tendency may be properly refused.—1 Mayfield's Dig. p. 573, § 215. It was in recognition of these well-established principles that I condemned charge 5 in the original opinion put out. I said of the charge, quoting the case of *Cunningham v. State,* 117 Ala. 59, 23 South. 693: "It is vicious, in that it is calculated to impress the mind of a juror with the idea that his verdict must be reached and adhered to without the aid of that consideration and deliberation with his fellow jurors which the law intends shall take place in the jury room." It does not clearly hypothesize a fair consideration of the evidence by all the jurors, but some individual jurors. In this respect it is misleading. It is the duty of jurors to consider carefully every part of the evidence, and, if necessary, reconsider it, and to hear and consider the views and arguments of their fellow jurors, with an honest and conscientious effort to reconcile any differences of opinion they may entertain of the truth of the matters put in issue. "The jury room is, surely, no place for pride of opinion, or for espousing and maintaining, in the spirit of controversy, either side of a cause. The simple object to be there effected is to arrive at a true verdict; and this can only be done by deliberation, mutual concession, and a due deference to the opinions of each

other. By such means, and such only, in a body where unanimity is required, can safe and just results be attained; and without them the trial by jury, instead of being an essential aid in the administration of justice would become a most effectual obstacle to it."—*Commonwealth v. Tuey,* 8 Cush. (Mass,) 1. The charge individualizes the jury, and is not calculated to bring the minds of the jurors together; but, on the contrary, it is calculated to keep them apart, especially so if any juror should be unduly imbued with the spirit of controversy. "A proper regard for the judgment of other men will often greatly aid us in forming our own. In many of the relations of life it becomes a duty to yield and conform to the opinion of others, when it can be done without the sacrifice of conscientious convictions. More especially is this a duty when we are called on to act with others, and when dissent on our part may defeat all action, and materially affect the rights and interests of third parties."—2 Thompson on Trials, § 2303. The purpose of all instructions to juries should be to enlighten them as to some proposition of law involved in the case, and thus aid them in their efforts to reach a true verdict. Charges of the kind under consideration, it seems to me, are not for the enlightenment of jurors nor to aid them in reaching a correct conclusion. The only purpose that I can see they may serve in a case is to secure a mistrial.

The case of *Hale v. State,* 122 Ala. 85, 26 South. 236, and *Mitchell v. State,* 129 Ala. 23, 30 South. 348, are cited in support of the charge. I think those cases, and other cases like them on the point under consideration, should not be adhered to, or, at least, should be modified, so as to hold that such charges are misleading, and the refusal of such charges should not require a reversal.

WEAKLEY, C. J., concurs in the foregoing views of DENSON, J.